No. 34,520

LAURA KOLTERMAN, *Appellee,* v. CORA ATKINSON, as an Individual and as Administratrix of the Estate of George W. Forrester, Deceased; MARTHA A. FOX, S. W. FORRESTER, LYDIA FORRESTER, as an Individual and as Executrix of the Estate of George W. Forrester, Jr., Deceased; ALDENE FORRESTER, GEORGIA ELLEN COTTEL and BERNADENE TAYLOR, and GERALD KOLTERMAN, Intervener, *Appellees;* E. G. FORRESTER and NORA FORRESTER, His Wife, *Appellants.*

(100 P. 2d 729)

Opinion filed April 6, 1940.

*D. C. Hill* and *Robert H. Kaul,* both of Wamego, for the appellants; *J. E. Addington* and *Howard A. Jones,* both of Topeka, of counsel.

*Gerald Kolterman,* of Wamego, and *E. C. Brookens,* of Westmoreland, for the appellees (except S. W. Forrester).

The opinion of the court was delivered by

SMITH, J.: This was an action to partition real estate in the first cause of action and for an accounting in the second cause of action. Judgment was for the plaintiff, decreeing a partition. One of the defendants appeals.

The plaintiff, Laura Kolterman, was a daughter of George W. Forrester. The defendants and intervener are other heirs of George W. Forrester. The plaintiff set out that George W. Forrester died intestate seized in fee of a lot in Wamego; that he was survived by this plaintiff, two other daughters and two sons, and the children of a deceased son, and by Amanda Forrester, his widow; that Amanda Forrester by antenuptial contract waived all her interest in any property of George W. Forrester, except a life estate in a certain piece of real property and that she had quitclaimed all her title in that property to plaintiff and was still living. The petition further alleged that plaintiff was the owner of the life interest, which was for the duration of the life of Amanda Forrester, the widow of George W. Forrester, and that the defendants, E. G. Forrester, S. W. Forrester, Cora Atkinson, and Martha Fox, each owned a one-sixth interest in the remainder. The petition then set out that defendants, Lydia Forrester, Aldene Forrester, Georgia Ellen Cottle and Bernadene Taylor, heirs of George W. Forrester, Jr., deceased, were together entitled to a one-sixth interest in the remainder. For a second cause of action the allegations of the first cause of action were referred to. The reasonable value of the property was set out and plaintiff alleged that E. G. Forrester, one of the defendants, had occupied the premises since the death of George W. Forrester; that

plaintiff was entitled to the possession of the property and hence E. G. Forrester was indebted to plaintiff for rent in the amount of $2,300. In the prenuptial contract, which was attached to the petition, the rights of the parties were set out and George W. Forrester agreed that Amanda, as his widow, should have a life estate in a five-acre tract of land at Peabody, the above tract to revert to the estate on the death of Amanda. Attached to this contract was the following:

"I have changed the above contract by selling the Peabody property, that was to go to my intended wife, at that time Amanda Wood. She was willing that Peabody property be sold and that I give her instead lease on house and lot in Wamego, Kan. This includes lot No. 275 and buildings on same located in the original townsite of Wamego, Kan., under same terms as the above lease and contract.

"Given under my hand and seal this 22d day of November, 1923.

(Signed) "GEORGE W. FORRESTER.

"Witness: "MRS. CORA ATKINSON."

A quitclaim deed attached to the petition was executed on January 5, 1928, and conveyed all the interest of Amanda Forrester in the real estate in question, located in Wamego, to Laura Kolterman, the plaintiff in this case. Defendant E. G. Forrester demurred to the second cause of action. After this demurrer was argued, but before it was decided, plaintiff asked and was granted leave to dismiss her second cause of action. This was done. On December 1, 1937, E. G. Forrester filed his amended answer. This was first a general denial, except that he admitted the death of George W. Forrester and the relationship of the parties. He then alleged that in 1907 without intent to commit fraud he bought the property described in the petition and the adjoining property, paying $2,100 for it, took possession of it and had remained in possession ever since; that the title to the real estate was taken in the name of George W. Forrester, pursuant to an agreement, and remained in his name during the remainder of his lifetime; that he never attempted to hold possession of it and held only the legal title; that during the time defendant had possession of the premises he made permanent improvements amounting to the sum of $1,200 and paid the taxes and special improvement assessments. He asked that his title be quieted and for such further relief that to the court should seem just and equitable. His wife filed an answer to the same general effect.

Cora Atkinson, one of the daughters, filed her separate answer and

cross petition, in which she admitted all the allegations of the plaintiff's petition and stated that she was the administratrix of the estate of George W. Forrester; that the property sought to be partitioned was part of the estate; that she had no funds in her hands with which to pay the costs of the administration and that these costs amounted to $25. She asked judgment for that amount.

Martha Fox, another sister, filed an answer in which she admitted the allegations of the petition and asked that the property be partitioned.

Lydia Forrester, by herself and as executrix of the estate of George W. Forrester, Jr., a subsequently deceased son, Aldene Forrester, Georgia Ellen Cottle, and Bernadene Taylor, children of George W. Forrester, Jr., filed an answer by way of a general denial except it admitted the death of George W. Forrester; that he died seized of the property in question, and that the prenuptial contract was executed and that the other children were entitled to a share in the real estate. They answered then and set out in more detail the allegations of the petition of plaintiff and that the parties filing the answer were joint owners of an undivided one-sixth interest in the property and that this should be set off to them and the land partitioned and that they receive their just share.

On the 17th day of June, 1938, Gerald Kolterman filed a motion for permission to intervene. He was given permission and filed an answer, stating that he held a judgment against S. W. Forrester, one of the defendants, for the sum of $598; that this judgment was a prior lien upon the interest S. W. Forrester had in his share of the real estate and asked that the property should be sold and the interest of George W. Forrester be applied on the payment of this judgment.

On December 11, 1937, Laura Kolterman filed her reply to the answer of E. G. Forrester. In this reply she denied that Forrester purchased the property in 1907 or that he ever furnished any part of the purchase price for the property. She further stated that during all the time that E. G. Forrester used and occupied the property it was by permission of George W. Forrester, and after the death of George W. Forrester by the permission of the owners of the life estate. The reply admitted that E. G. Forrester had made some repairs on the property, but stated that she did not know whether he had paid any taxes. She further stated that she had at that time and had been since the 5th day of January, 1928, the owner of a

life estate in the property; that he had held and used it by her permission since that time. He had never paid any rent; that a reasonable rental value was $25 a month; that she was entitled to the possession of the property and was also owner of an undivided one-sixth interest in the remainder after the expiration of the life estate and set out that Forrester wrongfully kept her out of possession. She prayed for a judgment holding that E. G. Forrester had occupied the property from the year 1907 until November, 1937, as a tenant at will and that his only interest in the property was a one-sixth interest in common with the other heirs and for an accounting and that he be ordered to surrender the property at once.

To this reply E. G. Forrester filed a motion to strike the part referring to an accounting. The court ruled on this motion. Evidently no journal entry was filed, but the court did order stricken from the reply that part concerning the accounting, and the part of the prayer in reference thereto.

S. W. Forrester filed no pleading in the case and at the trial disclaimed any interest. With the pleadings thus drawn, the case was submitted to the trial court. That court found as a matter of fact that George W. Forrester died, as alleged, seized and possessed of an estate in fee simple of the property in question. The court further found that by prenuptial contract Amanda Forrester, his wife, waived all of the interest in the property except a life estate to begin on the death of George W. Forrester and to continue during her life; that on January 5, 1928, Amanda conveyed her interest in the property to Laura Kolterman, the plaintiff in this case; that Amanda was still alive at the time of the trial and was eighty-eight years old at that time. The court further found that Laura Kolterman, the plaintiff, was the owner of the life estate in an undivided five-sixths interest in the property during the life of Amanda Forrester. The court further found that the fee title to the property vested in the children of George W. Forrester, share and share alike, and one-sixth is now owned by the widow and the children of George W. Forrester, Jr., who died January 12, 1937, subject to the life estate, and to the payment of the debts and costs of administration of the estate of George W. Forrester, and George W. Forrester, Jr.; that the plaintiff was the owner in fee of an undivided one-sixth interest and the owner of a life estate in an undivided five-sixths interest in the property, subject to the payment of costs of expenses of the estate and was chargeable with the payment of unpaid taxes

since June 1, 1926; that the defendants, E. G. Forrester and Nora Forrester, his wife, were wrongfully in possession of the property and this property should be surrendered immediately to Laura Kolterman, plaintiff, who was entitled to immediate possession. The court further found that the other children owned an undivided one-sixth interest in the above property subject to the life estate of plaintiff for the life of and to the cost and expense of the administration of the estate of George W. Forrester; that S. W. Forrester was the owner of an undivided one-sixth interest subject to the life estate of plaintiff and to the payment of the cost and expense of the administration of the estate of the said George W. Forrester and to a judgment lien in rem in favor of Gerald Kolterman, intervener, in the amount of $598, with interest at six percent from the 9th day of June, 1938; that Cora Atkinson, as administratrix of the estate of George W. Forrester, was entitled to the sum of $25 out of the proceeds of the property. Judgment was rendered accordingly.

There were no requests on the part of any of the parties for additional findings or to strike out any findings that were made.

The first appeal to this court is from a judgment and decision rendered March 9, 1939. This notice of appeal was served on May 20, 1939, and the amended notice of appeal on June 3, 1939. These notices were too late to be effective as an appeal from the judgment rendered March 9, 1939. (See G. S. 1939 Supp. 60-3309.) Notice of appeal was amended, however, so as to constitute an appeal from the order of April 4, 1939, denying the motion for a new trial—hence the only points this court can consider are the points raised in that motion: abuse of discretion of the court; erroneous rulings of the trial court; that the decision was contrary to the evidence; newly discovered evidence; and that the decision was procured by the corruption of the party obtaining it.

The first point argued by defendant E. G. Forrester is that the judgment of the trial court was in part contrary to all the evidence for the reason that the undisputed evidence shows that he paid taxes and made improvements upon the property, entitling him to an accounting, which the trial court refused. The trouble with this argument, as far as defendant Forrester is concerned, is that he did everything he could in the trial court to prevent that court from ordering an accounting. In the first place, he filed a demurrer to the second cause of action. After this demurrer was argued and

before the trial court ruled on it the plaintiff asked for and was given permission to dismiss this cause of action without prejudice. Soon thereafter defendant E. G. Forrester filed his answer. While he did make a statement in that answer that he had made special improvements upon the property and paid the taxes, in the prayer of his answer he did not ask for an accounting. He only asked that his title to the real estate in question be quieted. Before the issues were made up the plaintiff filed a reply to the answer of E. G. Forrester. In this reply she set up some matter with reference to the reasonable rental value of the property and stated that Forrester was indebted to her in that amount, less the reasonable value of the improvements and repairs. In her prayer she asked for an accounting. To this reply defendant E. G. Forrester filed a motion to strike the reference to the rental value and the part of the prayer that asked for an accounting. This motion was sustained and that part of the reply was stricken out. Thus, it is clear that due to the efforts of defendant the issues were finally framed for the trial so as not to present the question of an accounting. No reference to an accounting was made in the findings, and no such findings were requested. There was some evidence as to the rental value of the property and as to the improvements that had been made, but it appears that this evidence was offered by the parties and received by the trial court as a circumstance bearing on the claim of E. G. Forrester that he had bought the property and it had always been his even though it stood in his father's name. It is well settled that a party cannot take a position in the trial court which prevents a question from being presented to that court and then raise that question for the first time on appeal to this court. (See *Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange*, 145 Kan. 501, 66 P. 2d 619.)

The next argument of defendant E. G. Forrester is that the judgment is in part contrary to all the evidence for the reason that the undisputed testimony shows that he paid all the purchase price of the real estate, the title to which was taken in the name of his father, and showed that by agreement George W. Forrester held the legal title in trust for E. G. Forrester. It would add little to this opinion to set out the evidence in detail here. It is true that E. G. Forrester testified that he furnished the entire purchase price of this property. There were some circumstances, too, which tended to corroborate this. On the other hand, Amanda Forrester testified

that after the death of her husband E. G. Forrester paid rent to her for three months. Just why he stopped paying does not appear from this record. The fact that he paid her any rent at all is a circumstance tending to discredit his story that the land was really his. Then he testified that he paid $2,100 for the property by giving a check for $600, dated October 7, 1907, and a note for $1,500. He did not produce the note. Later on the plaintiff showed that on the day he issued his $600 check he drew a sight draft on his father for that amount and deposited it in the Wamego bank. E. G. Forrester testified that in 1907 he was not in debt to his father and his father was not in debt to him. Under such circumstances, perhaps, the trial court did not believe the story told by him. If the court did not believe this story then there was very little evidence to prove the allegations of the answer. At any rate, we cannot hold that the undisputed testimony supported his story. Defendant cites and relies on some authorities where a theory such as that advanced by him was upheld on very meager evidence. They are cases, however, where the trier of the facts had found in favor of that theory. We do not have such a case here.

The next argument of defendant is that the judgment was contrary to the evidence because it held that S. W. Forrester was the owner of an undivided one-sixth interest in the property. S. W. Forrester was the son of George W. Forrester. He filed no pleading, but testified to some conversations with his father which tended to corroborate the testimony of E. G. Forrester. If the judgment was correct as to the other children it is correct as to him. It will be remembered that Gerald Kolterman intervened in the action and asked for a lien on the share of S. W. Forrester on account of a judgment he held. It might have been this circumstance that influenced him to testify as he did. He could not disclaim or alienate any interest he might have to the detriment of his judgment creditor. At any rate, once it was decided that the other children were entitled to one-sixth interest it followed that S. W. Forrester was entitled to the same interest.

The next argument of defendant is that the trial court erred in admitting over the objection of defendant E. G. Forrester the testimony of Robert Kolterman relative to conversations between the parties concerning an attempt to compromise their controversy. The record is not entirely clear as to who Robert Kolterman was, but apparently he was the husband of Laura Kolterman. With

reference to a conversation between his wife and E. G. Forrester he testified as follows:

"A. My wife spoke to him about getting together and settling this estate. He said, 'Get them together and I will deed you that forty.'

"Objected to and ask that it be stricken on the ground it is another compromise of this litigation, at the time they were trying to settle it up, although it was not actually in being at that time.

"Overruled.

"Q. Go ahead? A. My wife said to him, 'You know that is hard to do; they won't do that because they are not getting anything out of it.' He said, 'That will go good with your eight [eighty].' Offered to deed for a quitclaim deed from the other heirs. He said, 'I will deed this to you if the rest will assign over their interest in the house to me.' I said, 'I don't want the forty.'"

It is the refusal to strike this bit of testimony which the defendant argues was error. This testimony was offered in rebuttal. E. G. Forrester had testified in his own behalf about some conversations he had had with Mrs. Kolterman. The testimony to which objection was made was with reference to the same conversation. It was admissible on that account, since Forrester himself had brought the conversation into the case. Under such circumstances it was not error to admit the above testimony.

The next argument is that the trial court erred in holding that the plaintiff was the owner of a life estate in the property. The basis of this argument is that the antenuptial contract referred to property in Peabody and that when the contract was changed to refer to the Wamego property G. W. Forrester and Amanda Forrester were married—hence there was no consideration for the contract with reference to the Wamego property. The fact is, however, that the consent of Amanda that the Peabody property should be sold was sufficient consideration for the new contract. We hold that Amanda had a life estate in the property upon the death of her husband and that this life estate was conveyed to Laura Kolterman by the quitclaim deed.

The judgment of the trial court is affirmed.