No. 35,393

Thomas F. Heniff, *Appellee*, v. Albert Clausen, *Appellant.*

.(121 P. 2d 196)

Opinion filed January 24, 1942.

*Jo E. Gaitskill* and *George F. Beezley,* both of Girard, for the appellant.

*D. G. Smith,* of Girard, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action to enjoin defendant from obstructing or in any way interfering with plaintiff's use of a right of way of ingress and egress across defendant's land from and to a public highway which plaintiff alleged he had acquired by implication from the common grantor of both tracts, and also by prescription. There was a second cause of action for damages, but the trial court specifically reserved this, and no trial ever was had upon it. After a hearing a temporary injunction was allowed January 26, 1938. Defendant filed an answer containing a general denial and an allegation that plaintiff's petition did not state facts sufficient to constitute a cause of action. After a trial on the pleadings, and on February 24, 1939, the trial court overruled defendant's demurrer to plaintiff's evidence, made findings of fact and conclusions of law, and rendered judgment

for plaintiff. In due time defendant filed a motion for a new trial, also a motion to set aside certain of the findings of fact and conclusions of law. On May 12, 1939, both motions were overruled, except a clause, not now material, was stricken from one of the findings of fact. At the same term of court, and on June 30, 1939, the court, desiring to give further consideration to the motion for a new trial, set aside the decision and judgment of May 12, 1939, overruling that motion. Defendant's motion for a new trial, having been considered further, was overruled May 16, 1941. On July 14, 1941, defendant served and filed his notice of appeal from the judgment, order and decision of the court of May 16, 1941, overruling the motion for a new trial "and from all adverse rulings, findings, conclusions and the judgment of the said district court against said defendant in the above-entitled cause."

In this court appellant does not assign error upon the court's ruling of May 16, 1941, overruling his motion for a new trial, and nowhere in his brief or oral argument does he complain of that ruling. Apparently he is satisfied with it; in any event, as a matter of law, he is deemed to have waived any objection he ever had to that ruling. No question respecting that ruling is before this court for review. (*Gas Co. v. Dooley,* 73 Kan. 758, 84 Pac. 719; *Bennett v. Supply Co.,* 80 Kan. 437, 102 Pac. 511; *Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372, and cases cited therein.) Since the overruling of the motion for a new trial is not assigned as error, errors arising on the trial of the cause will not be reviewed. (*Brewer v. Harris,* 147 Kan. 197, 75 P. 2d 287.)

The errors assigned are (1) in overruling defendant's demurrer to evidence on hearing for temporary injunction; (2) in granting a temporary injunction; (3) in overruling defendant's demurrer to evidence on hearing for permanent injunction; (4) in granting a permanent injunction; (5) in overruling defendant's motion to set aside findings of fact and conclusions of law under the first cause of action; (6) in overruling defendant's motion to set aside findings of fact and conclusions of law under the second cause of action; (7) in rendering judgment on plaintiff's second cause of action.

The fifth assignment refers to findings and conclusions that plaintiff had acquired the right of way by implication from the common grantor, and the sixth and seventh to findings and conclusions and the judgment that plaintiff acquired the right of way by prescription. They do not refer to the second cause of action as set out in

the petition, wherein plaintiff seeks to recover damages, since trial on that issue was reserved. All the assignments of error are respecting the judgment on the merits rendered by the court on February 24, 1939, and other rulings made at that time or prior thereto.

It will be observed there is no assignment of error upon the judgment of the trial court in favor of plaintiff upon the first cause of action as designated in the assignment, which was upon plaintiff's contention that the right of way in question was acquired by implication from the common grantor of both tracts of land. Naturally, if there is no error in the court upon that point, plaintiff's right to the right of way in question was definitely established. The seventh assignment of error is that the court erred in rendering a judgment on plaintiff's second cause of action, which as used in the assignments was plaintiff's contention that he had acquired the right of way by prescription. Naturally, if he had acquired it by implication from the common grantor of both tracts, the question whether he had also acquired it by prescription is immaterial. But, more important here is the rule that an assignment that the court erred in rendering judgment for the opposing party presents no legal question for review. (*Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372.)

The alleged errors arising from the judgment or prior thereto are not open to review, for the notice of appeal, insofar as it recites the judgment of the court against defendant as one of the things appealed from, was not served and filed within two months from the date of the judgment appealed from, which was February 24, 1939, as required by G. S. 1939 Supp. 60-3309; indeed, it was not served and filed until almost two and one-half years after the date of such judgment.

Appellant relies upon G. S. 1939 Supp. 60-3314a, which reads:

"When a party appeals, after a final judgment against him, the fact that some ruling of which he complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

The final judgment referred to in this section means the judgment on the merits of the action, and the word "after" means after the judgment was rendered and within the two months' time prescribed by G. S. 1939 Supp. 60-3309. This is necessarily true because the appeal from any judgment or order must be taken within two months. This section was designed to get away from the rule under G. S. 1935, 60-3309, which required the ruling on a demurrer to a pleading, or any separable appealable order, made before judgment in the case

on the merits, to be taken within six months from the date of the ruling without regard to the time judgment was rendered upon the trial of the case on its merits. This rule many times required appeals which the party did not care to take at the time, or a waiver of the right to have a review of the ruling on the demurrer or other separate appealable order. The statute never was intended to extend the time for appeal from a final judgment upon the merits. To permit this time to be extended by a delayed presentation or ruling upon a motion for a new trial would create as many or more evils than those designed to be cured by the statute. · See *Central Fibre Products Co. v. State Tax Comm.*, 150 Kan. 665, 95 P. 2d 353.

The rule as to what questions may be considered by this court when the notice of appeal is served and filed within two months after an order overruling the motion for a new trial, and more than two months after judgment was entered in the case, is well set forth in *Wiseman v. Richardson*, 154 Kan. 245, 118 P. 2d 605, where it was held:

"In an appeal from a judgment . . . Where the appeal is not perfected within two months, the judgment is not open to appellate review, although that rule does not preclude a review of trial errors which have been pressed on the attention of the trial court in a motion for a new trial and where an adverse ruling on such motion is appealed within time." (Syl. ¶ 1.)

And on page 248 it was shown that the judgment was rendered June 15, 1940. A motion for a new trial was filed in time. This motion was heard August 10, 1940, and taken under advisement until September 23, at which time it was overruled. The notice of appeal was served on November 21 and filed November 22. It was said:

"Obviously this appeal from the judgment rendered on June 15, which was not perfected until November 22, was too late. ·However, any trial errors to which the motion for a new trial was directed, and which was not decided until September 23, are still open to· our review."

To the same effect are *Fidelity & Deposit Co. v. Hawkins Marble & Tile Co.*, 148 Kan. 744, 84 P. 2d 875; *Phillipson v. Watson*, 149 Kan. 395, 87 P. 2d 567; *Eikelberger v. Saline County Comm'rs*, 151 Kan. 619, 100 P. 2d 651; *Kolterman v. Atkinson*, 151 Kan. 623, 100 P. 2d 729. The same rule was applied when the time the appeal provided by our statute was six months instead of two months, as at present. See *Smith v. Bowersock*, 95 Kan. 96, 147 Pac. 1118.

In support of the contention that G. S. 1939 Supp. 60-3314a gives

him a right to be heard here, appellant cites *Miller v. Whistler*, 153 Kan. 329, 110 P. 2d 744, and quotes a sentence from the opinion, used by way of argument only, in passing upon a question of *res judicata*. The quotation has no direct bearing here. Also, *First Federal Savings & Loan Ass'n v. Thurston*, 148 Kan. 88, 70 P. 2d 7, but there the opinion which applied the statute clearly showed that the appeal was taken within two months from the final judgment. Also appellant cites *Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720. There the appeal was taken within two months of the final judgment and the court, under the statute, properly held that a ruling upon a demurrer adverse to appellant, made more than two months prior to the time the appeal was taken, was open for review.

Upon the record before us, and under the authorities above cited, it seems clear that there is nothing before us for review and that the appeal should be dismissed. Notwithstanding this fact, the court has considered questions argued on behalf of appellant and is of the opinion that, if the questions were properly before us, the judgment of the court below would have to be affirmed. There is no reason to discuss these questions.

The appeal is dismissed.