No. 37,593

In the Matter of the Application of CITIES SERVICE GAS COMPANY for exercise of the right of eminent domain (CITIES SERVICE GAS COMPANY), *Appellee,* v. SAMUEL A. KREHBIEL and ALICE KREHBIEL, *Appellants.*

(211 P. 2d 68)

Opinion filed November 12, 1949.

*Cliff Morgan,* of Newton, argued the cause and was on the briefs for the appellant.

*Arthur N. Turner,* of Newton, argued the cause, and *J. G. Somers,* of Newton, and *R. E. Cullison* and *O. R. Stites,* both of Oklahoma City, Okla., were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The Cities Service Gas Company commenced a pro-

ceeding in the district court for the exercise of the right of eminent domain. Upon a hearing of the petition the court found that the company had the power of eminent domain and that it was necessary to its lawful corporate purpose that it obtain a limited gas pipe lines easement through the lands of Samuel A. Krehbiel and Alice Krehbiel, who are later referred to as the landowners, and three appraisers were appointed to actually view and appraise the value of the easement. The appointed appraisers qualified and gave publication notice as required by statute that they would meet at a designated place at a designated time then and there on actual view to appraise and assess the damages, a copy of that notice being served upon each of the landowners. Later the appraisers filed their report stating that on the date fixed they met at the place designated and actually viewed the lands described and that they appraised the damages of the landowners at the sum of $129.07. This report was presented to the court, which approved it. No appeal from the appraisement was taken by the landowners as provided by G. S. 1947 Supp. 26-102.

On the day following approval of the above report the landowners filed their motion reciting the giving of the notice above mentioned and its contents, and alleging "that the said above named appraisers did not meet at the place designated in said notice" and moving the court that the appraisal be set aside and held for naught. At the hearing on this motion the court heard the evidence introduced by the landowners and argument of counsel, found that the landowners had not sustained the burden of proving the facts alleged in their motion, and denied the motion.

From the decision on the above motion the landowners have appealed to this court. Their abstract of the record contains no specification of error but in their brief they state their entire contention is that they were not afforded an opportunity to talk to the appraisers and because of the failure of the appraisers to hold a meeting and meet with them the appraisal was void. As it is stated, the contention ignores the court's finding that the landowners had not sustained the burden of proving the facts alleged in their motion.

The first question for consideration is whether the appeal presents any matter for appellate review. The decision on the motion was not one which determined the action and prevented a judgment and was not a final order as defined in G. S. 1935, 60-3303, nor was it one of the orders of the district court as specified in G. S. 1935,

60-3302, from which appeal lies to this court. Further, if it be assumed that because evidence was introduced in support of the motion, a trial was had, the decision was one of fact and not of law. There was no motion for a new trial, and under repeated decisions of this court there is nothing for appellate review. (See West's Kansas Digest, App. and E., § 281; Hatcher's Kansas Digest, App. and E., § 366.)

Under the circumstances, we need not discuss the appellee's contention that the right to exercise the power of eminent domain having been adjudicated, the only concern of the landowners was the right to be heard on the matter of compensation (*Buckwalter v. School District,* 65 Kan. 603, 607, 70 Pac. 605) and that not having appealed from the award of the appraisers, it became a finality.

As the appeal presents nothing for appellate review it must be and is dismissed.