No. 38,022

EMMA RASMUSSEN, *Appellee*, v. F. W. TRETBAR, *Appellant*.

(224 P. 2d 1010)

Opinion filed December 2, 1950.

*Fred C. Littooy*, of Hutchinson, argued the cause, and *H. R. Branine* and *C. E. Chalfant*, also of Hutchinson, were with him on the briefs for the appellant.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, also of St. John, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This action, brought by Emma Rasmussen, widow, and revived in the name of her executor, involved four causes of action: (1) To set aside and cancel plaintiff's election to take under the will of her deceased husband; (2) for construction of the will of Niles J. Rasmussen, deceased husband of plaintiff; (3) to set aside two deeds to defendant, plaintiff's physician, as being null and void; and (4) to quiet title in plaintiff to described land involved. Defendant's demurrer was sustained to the first cause of action.

The second cause of action was for construction and interpretation of the will of Niles J. Rasmussen, deceased. Pertinent parts of the will are as follows:

"II. I Give and bequeathe all the remainder of my property, personal, mixed or real to my beloved wife Emma Rasmussen, for her use or employ as she may desire, during her natural lifetime.

"III. After the death of my wife, Emma Rasmussen, I give and bequeathe all of the Real Estate and what ever remains of my other property, personal or mixed to The Aged Ministers Home, at Lakemont, New York, its successors and assigns forever, and Palmer College, of Albany, Missouri, and its successors and assigns forever, the two institutions to share equally, in the property, or the proceeds therefrom, share and share alike."

Plaintiff for her third cause of action sought to cancel deeds obtained by defendant, Dr. F. W. Tretbar, on the ground the deeds were void as against public policy for the reason that plaintiff was a patient under the care of defendant as a physician at the time he received the deeds and the deeds were obtained without her knowledge or consent; that he concealed from her the fact he was attempting to acquire or had acquired title to the remainder interest in the property in which she had a life estate; that defendant failed to record his deeds for over five years in an attempt to conceal from his patient, then eighty-eight years of age and wholly dependent on him, the fact he had acquired title; and for other reasons set forth in the third cause of action.

The fourth cause of action was one to quiet title in plaintiff against defendant Tretbar, plaintiff alleging she was owner of the property in question and that defendant Tretbar claimed some right, estate and interest in the real estate and that same cast a cloud on plaintiff's title and asking that her title be quieted and that defendant Tretbar be forever barred and excluded from claiming any interest in and to said property.

Defendant filed his answer admitting the contents of the will and setting up the fact that Palmer College, a corporation named one of the remaindermen under the will, had been succeeded by Defiance College; that defendant is a duly licensed and practicing physician and surgeon in the city of Stafford, Kan., and was the physician and family doctor of plaintiff, Emma Rasmussen, who at all times since June 3, 1943, has been under his care and treatment; and further alleging that he is the legal and equitable owner of the real estate involved, subject only to the life estate of plaintiff by virtue of a corporation warranty deed dated June 3, 1943, wherein

Defiance College, a corporation and successor in title to Palmer College of Albany, Mo., was grantor and defendant was grantee; and that the warranty deed conveyed to him an undivided one-half interest in the real estate described in plaintiff's petition subject to a life estate in favor of plaintiff. Plaintiff filed a reply denying the allegations of the answer and alleging that the beneficiary named in Item III of the will, namely Palmer College of Albany, Mo., was not in existence on March 27, 1930, the date of death of Niles J. Rasmussen, deceased; that said beneficiary is not now in existence and has not been in existence since the death of said testator; and that by reason of the aforesaid, the bequest made in said Item III of the will to Palmer College has lapsed and the remainder interest and estate has vested under the laws of descent and distribution in plaintiff Emma Rasmussen as widow and sole heir at law of the deceased.

On the issues joined, the case was tried by the court. Oral and documentary evidence was submitted on each of the plaintiff's causes of action. Counsel orally argued the cause and filed written briefs. The cause was taken under advisement until the fifteenth day of December, 1949, at which time the court found generally in favor of the plaintiff and ordered judgment construing the will favorably to plaintiff and further ordered:

"It is by the Court considered, ordered, adjudged and decreed that judgment be, and the same is, rendered in favor of the Plaintiff and against the Defendant generally on Plaintiff's second cause of action construing the provisions of Items II and III of the Last Will and Testament of Niles J. Rasmussen, deceased, as vesting in the Plaintiff, Emma Rasmussen, a life estate in all the real estate owned by the said Niles J. Rasmussen, at the time of his death, with the power of alienation of said real estate and that, after the death of the Plaintiff, all that remains of said real estate together with any portion of said real estate which the Plaintiff, Emma Rasmussen, did not sell, dispose of, or alienate during her life time, vests in the Aged Minister's Home of Lakemont, New York, its successors and assigns, and Palmer College of Albany, Missouri, its successors and assigns, share and share alike.

"It is further considered, ordered, adjudged and decreed that judgment be entered generally for the Plaintiff and against the Defendant; that the claims of title made by Defendant, F. W. Tretbar, in so far as they pertain to the real estate hereinafter described, are null and void, and that the Plaintiff's title to (description of property) be quieted as against the Defendant, F. W. Tretbar, and that said Defendant, F. W. Tretbar, be, and he is, forever barred and excluded from claiming any right, title, interest or estate in and to the above described real estate."

No special findings of fact were made by the trial court and none were suggested or requested by the parties; no exceptions were taken

to the judgment of the court; and no motion for a new trial was filed. Defendant appeals and assigns as error the judgment rendered by the court:

(1) In finding and adjudging the will of Niles J. Rasmussen vested in Emma Rasmussen a life estate in all the real property of Niles J. Rasmussen at the time of his death, coupled with the power of alienation;

(2) In finding and adjudging that plaintiff's title should be quieted as against defendant;

(3) In finding and adjudging that the deeds under which defendant claims title are void;

(4) In rendering judgment against defendant; and

(5) In refusing to render judgment for defendant.

Appellee (plaintiff below) challenges the right of appellant to be heard on the questions presented by him in this appeal, and invites our attention to the fact that appellant filed no motion for a new trial. The question therefore arises whether filing a motion for new trial herein was a prerequisite to appellate review; whether the appeal on the cause of action for construction of the will becomes a mooted issue because of appellant's failure to file a motion for new trial as a prerequisite to appellate review of the judgment cancelling the deeds or of the decree quieting title in appellee.

Much of appellant's argument concerns the second and fourth causes of action and the court's rulings thereon. But the third cause of action—asking cancellation of the deeds conveying the property in question to appellant—was held for appellee and granted cancellation of the deeds, which judgment—if not reviewable since no motion for a new trial was filed—leaves appellant without any interest in the land which is the subject of this action and with no standing in this court.

Appellant contends that filing a motion for a new trial would have been superfluous, since he found no fault with the rulings of the trial court during the course of the trial, and that he is in agreement with the ascertained and undisputed facts. Appellant complains only of the conclusions of law based on these facts, i. e., that the judgment is wrong as a matter of law. But how can this court differentiate between the disputed and undisputed facts or determine from the records the facts on which the court based its judgment?

The record is silent as to any agreed statement of facts or stipulations entered into by the parties; on the contrary the record discloses that the issues to set aside appellant's deeds as set forth in the third cause of action and to quiet title in appellee as set forth in

the fourth cause of action were issues controverted by the pleadings and contested throughout the trial, and parol testimony as well as documentary evidence respecting them was introduced and considered by the court as a trier of the facts. In the absence of a motion for new trial, this court has no authority to retry those controverted issues *de novo*. (*Brown v. Brown*, 146 Kan. 7, 68 P. 2d 1105.)

Appellant's specifications of error 2, 3, 4 and 5 amount to nothing more than a statement that the judgment of the lower court was wrong. It is a familiar rule of law that a general verdict resolves all issues of fact in favor of the prevailing party. If supported by evidence, the verdict must stand. (*Fisher v. Central Surety & Ins. Corp.*, 149 Kan. 38, 86 P. 2d 583.) This, of course, is likewise true of a general judgment in the absence of special findings of fact which are contrary to such judgment. In the instant case, there were no specific findings of fact against appellee and the judgment generally in favor of appellee resolved all the issues in her favor. (*Dinsmoor v. Hill*, 164 Kan. 12, 187 P. 2d 338.)

We do not think it necessary to review the many decisions to which our attention has been directed having to do with the necessity of a motion for new trial as a condition precedent to a full review on appeal. It has been repeatedly held that in the absence of a motion for new trial, there can be no reëxamination of issues of fact. (*Johnson v. Best*, 156 Kan. 668, 135 P. 2d 896; *Union Nat'l Bank v. Fruits*, 124 Kan. 440, 260 Pac. 638; *Columbia Casualty Co. v. Sodini*, 159 Kan. 478, 156 P. 2d 524.) We have held many times that alleged error in the admission of evidence, or other trial error, can be reviewed on appeal only where the complaining party filed a motion for new trial which directed the trial court's attention to the alleged error. (*Erskine v. Dykes*, 158 Kan. 788, 150 P. 2d 322, and cases cited therein.)

In view of the foregoing, it may be said that a motion for a new trial was a prerequisite to any appellate review of the trial court's judgment declaring appellant's deeds null and void and quieting title in appellee to the real estate involved as prayed for in appellee's third and fourth causes of action. The judgment of the trial court declaring appellant's deeds null and void and quieting title in appellee left him a stranger to the title with no right to complain of any interpretation which the trial court made construing the will of Niles J. Rasmussen under appellee's second cause of action.

The judgment is affirmed.