In the Matter of the Estate of Lillie Michaux, Deceased. (RAY SCHULZ, Executor, *Appellee*, v. L. C. MICHAUX, Wife and next friend of FRED MICHAUX, an incompetent person, *Appellant*.)

No. 38,310

In the Matter of the Estate of A. J. Michaux, Deceased. (RAY SCHULZ, Executor, *Appellee*, v. L. C. MICHAUX, Wife and next friend of FRED MICHAUX, an incompetent person, *Appellant*.)

(233 P. 2d 510)

Opinion filed July 3, 1951.

*Charles S. Scott,* of Topeka, argued the cause, and *Elisha Scott, Sr.,* and *John J. Scott,* both of Topeka, were with him on the briefs for the appellant.

*Tudor W. Hampton,* of Great Bend, argued the cause, and *Ray S. Schulz, S. R. Blackburn* and *Ed R. Moses,* all of Great Bend, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: These cases originated in the probate court of Barton county. Case No. 38,310 was commenced by L. C. Michaux as the wife and next friend of Fred Michaux, an alleged incompetent person, by the filing of a petition, pursuant to the provisions of G. S. 1935, 60-3007, now G. S. 1949, 60-3007, to vacate and set aside a portion of the order of final settlement and distribution made by the probate court in administration proceedings pending in the estate of A. J. Michaux, deceased. Case No. 38,309 was instituted in like manner by the filing of a claim against the estate of Lillie Michaux, deceased. Judgment was rendered against the petitioner in both cases. On appeal to the district court the two cases were consolidated and tried together. At the conclusion of that trial the district court found the evidence on behalf of the petitioner failed to establish the incompetency of Fred Michaux on the date of the order of final settlement and distribution in the A. J. Michaux estate and rendered judgment (in Case No. 38,310) denying the petition to vacate that order, also judgment (in Case No. 38,309) denying the claim against the estate of Lillie Michaux. Following the rendition of these judgments the claimant and/or petitioner perfected two appeals which were given numbers in this court as heretofore indicated and later consolidated.

The facts of this case, as will be presently disclosed, are relatively unimportant. However, those necessary to a proper understanding of the factual situation will be briefly summarized.

A. J. Michaux, a resident of Barton county, died some time during the latter part of 1943 leaving a last will and testament in which he gave an eighty acre tract of real estate to his son, Fred Michaux,

subject to such devisee's paying the testator's wife, Lillie Michaux, the sum of $920.00 within six months from the date of his death and provided that in the event of failure on the part of such devisee to make the payment in accord with the terms and conditions of the will then, and in that event, title to the real estate should not vest in Fred but was to go to his wife. This will was admitted to probate in due course. Fred failed to make the payment within the period of time required. Some six months after the testator's death, and while his estate was still in process of administration, the widow filed a petition in probate court setting forth that fact and asking that the real estate be awarded to her in conformity with the terms of the will. This petition was granted and an order entered awarding her the property. Thereafter, on May 12, 1944, the probate court made an order of final settlement and distribution which, among other things, declared the widow to be the absolute owner of the real estate under and by virtue of the terms of the will. On some date in 1944, not here important, Lillie sold the property and received the purchase price. So far as the record discloses Fred made no claim to the land, nor was any claim made on his behalf, until February 8, 1950, when his wife, as his next friend, filed the petition in probate court, heretofore mentioned, asking that the order of final distribution and settlement in the A. J. Michaux estate proceeding be vacated on the ground her husband was incompetent and of unsound mind on the date of its rendition.

Lillie Michaux died during the latter part of the year 1949 and her estate was in process of administration at the time of the commencement of the proceeding to vacate the decree of final settlement and distribution. On the same day the petitioner in Case No. 38,310 instituted that proceeding she filed a claim against Lillie's estate, for and on behalf of Fred, alleging facts similar to those set forth in her petition to vacate and asking that the claim be allowed for the amount such decedent had received from the sale of the real estate in her lifetime less the amount Fred would have had to pay in order to acquire title thereto under the terms and conditions of the will of A. J. Michaux. What happened to this claim and to the petition to vacate the final settlement decree in both the probate and district courts has been heretofore stated and need not be repeated.

At this point it should be stated the parties agree that Case No. 38,310 is of primary importance on appellate review and that the

petitioner and/or claimant herein admits that an affirmance of the judgment in such case will necessarily result in affirmance of the judgment in case No. 38,309. For that reason, until otherwise indicated, subsequent portions of this opinion will have reference to the parties and issues involved in 38,310.

Specifications of error relied on by appellant as ground for reversal of the judgment are (1) that the decision of the district court was not sustained by the evidence and (2) that such court erred in refusing to give consideration to certain evidence. At the outset appellee meets the challenge to the judgment raised by these specifications of error by asserting that they pertain to trial errors which are not subject to appellate review in a case where—as here—it is conceded no motion for a new trial was filed or presented in the court below.

Generally speaking it can be said there can be no question in this jurisdiction that trial errors such as are here involved are not subject to appellate review in the absence of a motion for a new trial in the court below. See *Johnson v. Best*, 156 Kan. 668, 135 P. 2d 896, where we held:

"In the absence of a motion for a new trial there can be no reexamination of issues of fact." (Syl. ¶ 4.)

And our recent decision *Rasmussen v. Tretbar*, 170 Kan. 184, 224 P. 2d 1010, which holds:

"A judgment of the trial court setting aside deeds to appellant and quieting title in appellee as against appellant—which judgment is not reviewable because no motion for new trial was filed—leaves appellant with no interest in the land which is the subject of the action and no standing on appeal to this court to question rulings of the trial court on questions of law." (Syl. ¶ 2.)

Many other decisions to the same effect could be cited if necessary but for our purposes it suffices to say they adhere to the rule announced in the foregoing decisions. Indeed our decisions go so far as to hold that even when a motion for new trial is filed and presented in the court below an appeal from an order overruling it presents nothing for review where the record does not show the motion for new trial or a ruling thereon, and in no way discloses what alleged trial errors were brought to the attention of the trial court when it was heard. See *Klager v. Murphy Alfalfa, Inc.*, 165 Kan. 130, 193 P. 2d 216, and *Hamilton v. Binger*, 162 Kan. 415, 418, 176 P. 2d 553, and decisions there cited.

From the foregoing decisions it appears appellee's position the errors assigned by appellant are not subject to appellate review

must be sustained unless the instant proceeding falls within some exception to the general rule. Appellant argues the rule is limited to actions commenced in the district court and has no application to a probate proceeding which is appealed to district court and thereafter determined by that tribunal. The fallacy in this argument appears in the probate code itself (see G. S. 1949, 59-2408) which provides that the district court shall proceed to hear and determine an appeal from probate court *de novo* and in doing so shall have and exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in such court and as though it had original jurisdiction. We are therefore constrained to hold that upon appeal to the district court from an order from a decision of the probate court refusing to set aside an order of final settlement and distribution the cause is tried in conformity with the rules of civil procedure and that parties desiring to appeal from the judgment rendered therein must file and obtain a ruling on a motion for a new trial before this court can review trial errors such as are here involved. This conclusion, it is to be noted, is in harmony with our earlier decisions (*In re Estate of Peirano*, 155 Kan. 48, 122 P. 2d 772; *In re Estate of Gereke*, 165 Kan. 249, 256, 195 P. 2d 323, and *In re Estate of Regle*, 170 Kan. 558, 228 P. 2d 722) which clearly indicate that on appeal to district court from various other probate proceedings the trial is to be conducted in the same manner as though the action had been originally commenced in that tribunal.

Obviously in an attempt to forestall the conclusion just announced appellant points to our recent decision in *Prier v. Lancaster*, 169 Kan. 368, 219 P. 2d 358, holding that a hearing on a motion is not a trial within the contemplation of our code of civil procedure and a motion for a new trial is unnecessary to obtain a review of errors alleged to have been committed at such a hearing. It is then urged that what she actually filed in probate court was a motion to vacate the decree of final settlement and distribution, not a petition. Let us see. The probate code itself provides that every application in a probate proceeding, unless made during a hearing or trial, shall be by petition (G. S. 1949, 59-2201) and recognizes (G. S. 1949, 59-2204) that upon the filing of that petition a petitioner has commenced a proceeding in which he is entitled to a trial of the issues therein involved upon the merits, also a subsequent appeal and trial *de novo* in the district court (see G. S. 1949, 59-2408) in the event he is dissatisfied with the pro-

bate court's decision. Moreover, the very statute on which appellant relies ( G. S. 1949, 60-3007) provides that the proceeding to vacate or modify a judgment or order against a person claimed to be incompetent shall be by petition verified by affidavit on which when filed a summons shall issue and be served as in the commencement of an action. Based on the facts of this case and the sections of the statute to which we have just referred we have little difficulty in concluding appellant's contention on this point has no merit. We therefore hold that when she filed her petition she commenced a proceeding in which she was entitled to a trial on the merits, that she was accorded a trial on the merits in both the probate and district courts, and that under such conditions and circumstances *Prier v. Lancaster*, supra, on which she relies has no application.

The record in Case No. 38,309 discloses that appellant must obtain a reversal of the judgment rendered by the trial court in Case No. 38,310 before being entitled, even on her own theory, to any relief in that action. The conclusions heretofore announced necessarily require an affirmance of the judgment rendered in Case No. 38,310. The result is that the judgment in Case No. 38,309 must also be affirmed.

It is so ordered.