No. 38,378

J. H. SMITH, *Appellee*, v. THE KANSAS TRANSPORT CO., INC., *Appellant*.

(238 P. 2d 553)

Opinion filed December 8, 1951.

*Harry F. Russell,* of Hastings, Neb., argued the cause, and *L. H. Ruppenthal,* of McPherson, was with him on the briefs for the appellant.

*George R. Lehmberg,* of McPherson, argued the cause, and *J. R. Rhoades,* of McPherson, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action for equitable foreclosure of a chattel mortgage in which the plaintiff recovered and the defendant appeals.

The facts giving rise to the controversy, as well as the issues involved in the court below, are so unusual that they can be understood only by reference to the pleadings.

Plaintiff, a resident of Colorado, commenced the action against defendant, a Kansas corporation, by filing a petition in the district court of McPherson county in which he alleged in substance that he had a first and prior lien on a certain motor vehicle, namely, an International transport truck, then in the possession of defendant, under and by virtue of a chattel mortgage, executed and delivered to him by one Marvin K. Custer, the then owner of such property, on the 21st day of September, 1947, at a time when it was situated in the

county of El Paso in the state of Colorado, to secure the payment of an actual loan of $800. Under other allegations of such pleading it is asserted that on the day following its execution the mortgage was duly filed for record in the county and state wherein it was executed in conformity with the laws of such state, that such mortgage had never been paid, satisfied, or released of record and that plaintiff was entitled to a judgment foreclosing his mortgage lien on such personal property.

For present purposes, and without attempting to relate everything that is set forth therein, it can be said that defendant's answer to the petition consisted of a general denial and allegations which, when highly summarized, are to the effect that it purchased, became the owner of and acquired valid title to the property in question at private sale in foreclosure of mortgage liens and judgments against such property, pursuant to a decree of foreclosure entered by the district court of Adams county, Nebraska, on March 23, 1948, in accord with the laws of that state in an action, to which the plaintiff was not made a party, brought by the Hastings National Bank against Marvin K. Custer, et al., for the purpose of foreclosing a lien the bank had acquired on such property under and by virtue of a chattel mortgage executed and delivered to it by Custer on the 22nd day of October, 1947, in the state of Nebraska, at a time when the latter was a resident of such state and the property was located therein; that the plaintiff had knowledge of the filing, pendency, and completion of such foreclosure action, that he had knowledge of the physical whereabouts of the motor vehicle in question in the state of Nebraska and took no action or did nothing to claim or assert any lien against it as required by the laws of that state; that the plaintiff made no appearance in such action but suffered the same to proceed to decree and sale of the involved motor vehicle; and that by reason of such facts plaintiff was estopped, barred, and foreclosed from asserting any right, title or interest in the property under his mortgage.

The plaintiff filed a reply to the foregoing answer in which he denied generally all of its allegations and averments and specifically denied that he had any knowledge of the foreclosure action in the district court of Adams county, Nebraska, as therein alleged, or was estopped, precluded and enjoined from asserting any right, title, claim, or interest in and to the motor vehicle covered by the terms of his chattel mortgage.

With issues thus joined and upon evidence introduced by the parties in support of their respective positions the trial court, on November 30, 1950, without making specific findings of fact, rendered and entered a general judgment in favor of the plaintiff and against the defendant as prayed for in the plaintiff's petition and directed that the motor vehicle described in plaintiff's mortgage be sold under special execution as in proceedings of equitable foreclosure. It further directed that the proceeds of such sale be applied to payment of the lien found to be due under the terms of the mortgage and to the costs of the action and that the balance remaining, if any, be paid to the defendant.

Following rendition of the foregoing judgment the defendant filed no motion for a new trial. However, within the term at which it was rendered, defendant did file a motion to set aside and vacate the judgment. The record discloses there was no ruling on this motion by the trial court either during or after the term at which the judgment was rendered.

Within the time provided by statute for the taking of an appeal the defendant gave notice it intended to and did appeal from all orders, decisions, and judgments made by the trial court in the action, and particularly the judgment entered on November 30, 1950, also from the trial court's failure to rule on its motion to set aside the judgment.

The errors assigned by appellant as grounds for reversal of the judgment in this court on appellate review are that the trial court erred (1) in rendering judgment for plaintiff and (2) in failing to set aside the judgment for plaintiff and to render judgment for defendant.

At the outset we are met with a contention which must be disposed of before consideration can be given to grounds advanced and relied on by appellant as requiring reversal of the judgment. The appellee contends the record presents nothing for appellate review and hence the appeal must be dismissed. His claim in this regard is based upon two propositions. One is predicated upon the premise that in the face of the record appellant's first specification of error necessarily requires that there be a re-examination of the issues of fact on which the trial court based its judgment and that under our decisions, where that is true and—as here—it is conceded there was no motion for a new trial, there is nothing presented for appellate review. The other is based upon the ground that, even if the motion is treated as overruled, the over-

ruling of a motion to vacate a judgment is not to be regarded as an appealable order under our statute.

Turning to the first proposition upon which appellee relies it must be admitted the established rule in this jurisdiction is that where the propriety of the judgment of a trial court depends upon controverted issues of fact a motion for a new trial is a condition precedent to a review of those facts and that in the absence of such a motion specifications of error to the effect such a judgment is erroneous present nothing for appellate review. (See *Rasmussen v. Tretbar,* 170 Kan. 184, 224 P. 2d 1010; *In re Estate of Michaux,* 171 Kan. 417, 233 P. 2d 510; *Cities Service Gas Co. v. Krehbiel,* 168 Kan. 69, 211 P. 2d 68; *Brown v. Brown,* 146 Kan. 7, 68 P. 2d 1105, and numerous Kansas cases cited and referred to in Hatcher's Kansas Digest, Appeal and Error, § 366, and West's Kansas Digest, Appeal and Error, § 281.)

Having ascertained the rule there remains only the question whether the judgment in question was based upon controverted issues of fact. We think this question must be answered in the affirmative. This, we believe, must always be true in a case where—as here—there is a general judgment in favor of the appellee, which resolves all issues in his favor (see *Dinsmoor v. Hill,* 164 Kan. 12, 187 P. 2d 338; *Rasmussen v. Tretbar,* supra), and the record discloses no ascertained, documentary, or agreed upon facts on which this court can differentiate between the disputed and undisputed facts or determine those on which the trial court based its judgment. Moreover, it is clear from the pleadings in the instant case that issues of fact on which the trial court was required to base its judgment were in serious controversy and it cannot be successfully urged the record discloses the facts on which it actually based such judgment. The result, under the rule to which we have heretofore referred, is that there is nothing subject to appellate review under appellant's first assignment of error.

At this point we pause to note that in *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887, we held that motions to modify or vacate a judgment are addressed to the sound discretion of the trial court, *and when not acted upon during the term at which the judgment was rendered are deemed to be overruled,* and their pendency does not serve to confer jurisdiction to modify or vacate the judgment at a subsequent term. Adherence to this rule requires the conclusion that appellant's motion must be treated as having been over-

ruled as of the last day of the term at which such judgment was rendered and we shall proceed accordingly.

This brings us to appellee's claim or second contention the overruling of a motion to vacate a judgment is not an appealable order under our statute. An examination of the motion to vacate the judgment makes it clear, that at the most, it can be regarded only as a request to the trial court to re-examine the questions of law involved in the case and render a different judgment. So considered the motion was addressed only to that court's discretion and a ruling thereon is not in and of itself appealable. Under our statute, G. S. 1949, 60-3302, if there is to be an appeal it must be from the judgment, theretofore rendered, which the appealing party believes to be erroneous.

What has been heretofore related is sufficient to compel a conclusion that appellee's motion to dismiss the appeal must be sustained. Even so we desire to point out there is sound ground for dismissal of the appeal for another reason. Under our repeated decisions an assignment or assignments of error stating that the trial court erred in rendering a judgment in favor of a plaintiff and against a defendant amount to nothing more than statements the judgment is wrong and present no specific questions for review and warrant a dismissal of the appeal (see *In re Estate of Young* 169 Kan. 20, 217 P. 2d 269; *Heniff v. Clausen,* 154 Kan. 717, 121 P. 2d 196; *Brewer v. Harris,* 147 Kan. 197, 75 P. 2d 287; *Gale v. Fruehauf Trailer Co.,* 158 Kan. 30, 145 P. 2d 125; *Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 503).

When carefully analyzed both of the specifications of error, to which we have heretofore referred, are to be construed as stating that the trial court's judgment was wrong and nothing more. This, under the rule to which we have last referred, means that appellant has failed to specify any reviewable appellate ruling as error and warrants the dismissal of the appeal.

Based on what has been heretofore related we are convinced the record presents no questions which are open to appellate review and that the appeal should be dismissed. It is so ordered.