No. 39,412

Emporia Plumbing and Heating Co., Incorporated, *Appellee,* v. John Noland, *Appellant.*

(276 P. 2d 296)

Opinion filed November 13, 1954.

*Roscoe W. Graves,* of Emporia, argued the cause and was on the briefs for the appellant.

*Elvin D. Perkins,* of Emporia, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover damages for failure to perform a contract. The plaintiff recovered and the defendant appeals.

The plaintiff, Emporia Plumbing and Heating Co., Inc., is a plumbing and heating company with its principal place of business at Emporia. The defendant, John Noland, is a cement contractor living in the same city. On March 21, 1952, the parties entered into a written contract for the construction by defendant of a septic

tank and other cement work incident thereto in connection with the building of an addition to a schoolhouse at Eskridge, Kansas, for which plaintiff held the plumbing and heating contract. The involved contract contained no specific date of performance but provided that defendant was to furnish and install all necessary materials and labor contemplated by its terms for the sum of $821, subsequently increased to $943 by oral agreement. Differences arose between the parties as to when such contract was to be performed. On September 15, 1952, defendant, who up to that date had made no effort to comply with the agreement, was notified by plaintiff that unless he started work thereon by the 17th of that month it would be required to take over the job covered by its terms and charge him any costs over the stipulated price because of his failure to perform. Defendant made no reply to this letter and as a result plaintiff employed other persons to do the work and upon its completion commenced the instant action against defendant to recover the sum of $1,392.14, alleging that amount was the difference between the cost of doing the work contemplated by the contract and the price therein stipulated.

The pleadings are important only as they define the issues and all that need be stated regarding them is that they join issue on questions pertaining to the views of the respective parties as to liability of defendant for breach of the contract.

For informative purposes it is to be noted at this point that with issues joined, as heretofore related, the case was first tried by a jury on May 26, 1953, which failed to agree and was discharged; and that some five months later it was again tried by a jury which returned a verdict for the plaintiff in the sum of $375.

In order to insure a proper understanding of appellate issues involved it should now be stated the record discloses that during the course of the second trial, resulting in the judgment with which we are presently concerned, the defendant demurred to plaintiff's evidence on the basis it failed to establish any cause of action against him for the reason the testimony regarding the amounts plaintiff had expended in performing the contract was hearsay and not the best evidence; that when this demurrer was overruled defendant introduced his evidence; that following the return of the general verdict he filed a motion for new trial, not set forth in the record, and a motion for judgment *non obstante veredicto* based on the ground the evidence produced by the plaintiff in support of the

verdict was hearsay; that subsequently, on his own request, he was permitted to withdraw his motion for a new trial; that after a hearing on his motion for judgment *non obstante veredicto* such motion was overruled; and that thereafter he perfected the instant appeal, under specifications of error charging the trial court erred in overruling such motion and his demurrer to plaintiff's evidence.

Notwithstanding his specifications of error appellant, with commendable candor, concedes the only question subject to appellate review is whether the trial court erred in overruling his demurrer to the appellee's evidence. His position can be demonstrated by quoting from his brief where it is said:

". . . It is the appellant's contention that there was no competent evidence to go to the jury, for the following reasons:

"1. The testimony offered as to the cost of doing the work covered by the Noland contract was hearsay.

"2. No testimony was offered that all of the labor and material plaintiff paid for was necessary to perform the contract or was the reasonable cost or the market value thereof."

Merely to read the first reason asserted as a ground for reversal of the trial court's action in overruling the demurrer makes it apparent evidence was offered and received as to the cost of doing the work performed in completing the involved contract. Thus it becomes obvious the gist of appellant's claim is that on appellate review of a decision overruling a demurrer to evidence this court must disregard any evidence erroneously admitted by the trial court, prior to such ruling, during the trial of the cause. We are cited to no authorities which warrant or permit any such action in testing the sufficiency of evidence as against a demurrer where, as is true in this jurisdiction, a demurrer is to be regarded as directed to the evidence admitted and the universal rule (*Messinger v. Fulton,* 173 Kan. 851, 252 P. 2d 904; *Briggs v. Burk,* 174 Kan. 440, 442, 257 P. 2d 164; *Siegrist v. Wheeler,* 175 Kan. 11, 259 P. 2d 223; *Spencer v. Supernois,* 176 Kan. 135, 268 P. 2d 946; *Stephens v. Bacon,* 176 Kan. 460, 461, 271 P. 2d 285; and other decisions to the same effect listed in West's Kansas Digest, Appeal & Error, § 927 [5], Trial, § 156 [2] [3]; Hatcher's Kansas Digest, [Rev. Ed.], Appeal & Error, § 488, Trial, § § 149 to 151, incl.), is that in ruling thereon courts do not weigh or compare contradictory evidence but must accept all evidence as true, give it the benefit of all inferences that may properly be drawn therefrom and consider only such portions thereof as are favorable to the party adducing it. Indeed our decisions are not

only directly to the contrary but go so far as to hold that questions relating to the erroneous admission or exclusion of the evidence must be raised by a motion for new trial, and the ruling on that motion specified as error, in order to be subject to appellate review. See *Billups v. American Surety Co.,* 173 Kan. 646, 251 P. 2d 237, which holds:

"In the absence of a motion for a new trial, mere trial errors are not open to appellate review. These include rulings of the trial court on the admission or exclusion of evidence and the sufficiency of evidence." (Syl. ¶ 3.)

For other recent decisions to the same effect see *Rasmussen v. Tretbar,* 170 Kan. 184, 224 P. 2d 1010; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553; *Myers v. Kansas Stone Products Co.,* 174 Kan. 111, 113, 254 P. 2d 270; *Mathis v. Public School District No. 103,* 175 Kan. 453, 264 P. 2d 1082; *Crowder v. Lindbergh,* 175 Kan. 671, 672, 265 P. 2d 851. Many earlier cases of like import may be found in Hatcher's Kansas Digest, (Rev. Ed.), Appeal & Error, § § 181, 366, 372, 378; and West's Kansas Digest, Appeal & Error, § § 281, 719(10).

In reaching the foregoing conclusion we have rejected, not overlooked, appellant's contention the rule adhered to has no application to a ruling on a demurrer to evidence. Nothing that is said or held in *Tuggle v. Cathers,* 174 Kan. 122, 254 P. 2d 807, and other cases there cited, relied on by appellant in support of this contention, was ever intended to apply to matters this court has consistently held must be raised by a motion for new trial in order to afford a basis for appeal.

Application of the universal principle governing the trial court in ruling on a demurrer to evidence, to which reference is made early in this opinion, leads to the conclusion appellant's contention no testimony was offered tending to show the labor and materials appellee paid for was necessary to perform the contract or was the reasonable cost or the market value thereof, lacks merit and requires little if any discussion. Briefly stated, at the time of the ruling on the demurrer, there was testimony disclosing in substance that the contract in question had been breached; that by reason of the breach it had become necessary for the appellee to employ divers persons and purchase necessary materials to perform such agreement in accord with its terms; that such persons had been employed and the materials purchased; that the labor performed and the materials purchased had been paid for in accord with statements, to

which cancelled checks were attached, all as evidenced by eight exhibits offered and received in evidence showing the expenditure of the total amount sued for. In addition there was testimony on the part of appellee's supervisor to the effect that he was an engineer and acquainted with the kind of construction done on the job in question; that he was in charge of such job and supervised it; that he examined the bills evidenced by the exhibits of record; and that he knew of his own knowledge that the labor was performed and the materials were purchased as set out therein. In the face of such a record it is asking too much of this court to hold there was no evidence to sustain the trial court's action in overruling the appellant's demurrer to the appellee's evidence. The result is, since the ruling on the demurrer is conceded to be the only question involved on appellate review, that the judgment must be affirmed.

It is so ordered.