THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY V. V. A. OSBURN, *Substituted for C. M. Mc-
Kinnie, as Administrator, etc.*

No. 15,786.    (100 Pac. 473.)

SYLLABUS BY THE COURT.

NEW TRIAL—*Time of Filing Motion.* The plaintiff obtained a
general verdict against the defendant, which was accom-
panied by special findings of fact. The defendant moved for
judgment on the special findings, and judgment was ren-
dered accordingly. Two days remained of the statutory time
for filing a motion for a new trial. Neither party asked for
a new trial. In a proceeding in error in this court the judg-
ment was reversed, judgment was ordered for the plaintiff
on the general verdict, and a mandate was sent to the trial
court to proceed accordingly. Then the defendant filed a mo-
tion for a new trial on the usual grounds. The plaintiff
moved for judgment pursuant to the mandate. The district
judge censured the general verdict severely, and refused to
approve it, but denied the motion for a new trial and entered
judgment according to the mandate, as he said, under its
compulsion. *Held,* the defendant has no right to a new trial.

Error from Butler district court; GRANVILLE P. AIK-
MAN, judge. Opinion filed January 12, 1909. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,*
for plaintiff in error.

*N. A. Yeager,* and *T. A. Kramer,* for defendant in
error.

The opinion of the court was delivered by

BURCH, J.: The record in this case presents a ques-
tion of practice. In an action against the defendant
the plaintiff obtained the verdict of a jury in his favor.
The verdict was accompanied by special findings of
fact, upon which the defendant moved for judgment in
its favor. The motion was sustained, and judgment
was entered accordingly. Neither party filed a motion
for a new trial. When judgment was rendered on the
special findings two days of the statutory time for filing

a motion for a new trial remained. The plaintiff prosecuted error in this court, and the view was taken here that the special findings were consistent with the general verdict. As a consequence the judgment in favor of the defendant was reversed, judgment was ordered in favor of the plaintiff, and a mandate was sent to the district court to proceed accordingly. In the district court the plaintiff moved for judgment pursuant to the mandate. The defendant interposed a motion for a new trial on the usual grounds. The two motions were disposed of according to the following opinion of the district judge:

"The general verdict was rendered for the plaintiff, and the special findings this court found entitled the defendant to judgment, and judgment was rendered for the defendant on the special findings. That was a disapproval of the general verdict from the outset by this court. The defendant had a right under our practice first to file a motion for judgment upon the special findings. . . . Before the trial court had ever approved of or ratified or accepted the general verdict, judgment was rendered on the motion for judgment on the special findings in favor of the defendant. The supreme court of this state has repeatedly held that this court, the trial court, must be satisfied with the verdict of the jury or else the court must set it aside. There is no judge in this state that has greater respect for the supreme court than this court has, and this court would not in any way knowingly disobey its mandates. The judgment rendered by the supreme court in this case appears to be conclusive upon this court, and whatever this court does in rendering a judgment will be under compulsion, as I can do nothing else than follow the mandate of the court. I am going to leave this question for the supreme court to be based entirely upon this court's findings. The verdict rendered by the jury was squarely against the evidence, and this court does n't approve of the verdict. If the motion for a new trial had been filed at the outset of this case it would have been sustained by this court, and a motion now would be sustained by this court and a new trial granted, if it was not for the plain, conclusive judgment and mandate of the supreme court,

that appears to leave no other course for this court to take. The case, from the evidence, as this court finds, was against the evidence and wholly without any merit, and the verdict was not sustained by the evidence and is not approved by the court, and now, while the court overrules the motion for a new trial and directs the judgment for the plaintiff, it does so without any intention of in any way approving of or ratifying the verdict, and wholly and solely because so directed by the supreme court."

The defendant duly excepted to the denial of the motion for a new trial and to the rendition of judgment pursuant to the mandate, and in this proceeding in error claims the right to a new trial.

The motion for a new trial was filed out of time, was a nullity, and the defendant is entitled to no relief through that instrumentality. It has long been settled in this state that a party has no abstract, inherent right to a new trial—that he has such a right only by virtue of statute (*Nesbit v. Hines,* 17 Kan. 316), and that to avail himself of the right he must comply strictly with the statutes governing the subject (*Publishing House v. Heyl,* 61 Kan. 634, 60 Pac. 317). With the wisdom of such statutes this court has nothing to do. Time limitations were necessary, and the legislature fixed them. Due provision was made for cases in which a party might be unavoidably prevented from meeting the requirements respecting time and for instances in which new facts might be discovered, and there the legislature stopped. The court can go no further. Particular cases may present features of apparent hardship. Valuable rights may be lost. But the courts have no equitable jurisdiction over the subject. The motion must be made within the term at which the verdict is rendered and within three days from the time the verdict is returned, except in the instances noted, which are not material in this case. (Civ. Code, § 308.)

The verdict is a general finding of all facts. Special findings are particular findings of individual facts. If

the special findings compel one kind of a legal conclusion while the general verdict would compel another, the special findings, being the more definite, control. (Civ. Code, § 287.)   When a general verdict and special findings come in, the party against whom the verdict runs may avoid its legal consequences by asserting irregularity, misconduct, accident and surprise, and so on through the eight statutory grounds for a new trial, and by asserting that the special findings control.   If any one of the nine propositions be good, the effect of the general verdict is nullified.   Each one of them is an attack on the general verdict; they are all consistent with each other, and all of them may be insisted upon at the same time.   (*Railroad Co. v. Holland,* 58 Kan. 317, 49 Pac. 71.)   The first eight must be presented by motion, filed within three days.   If one of the eight be omitted it can not be brought forward after three days. (*Culp v. Steere,* 47 Kan. 746, 28 Pac. 987.)   If all of the eight be omitted none of them can be urged after three days, although a motion attacking the verdict upon the ninth ground be pending.   (*City of Osborne v. Hamilton,* 29 Kan. 1; *Railroad Co. v. Holland,* 58 Kan. 317, 49 Pac. 71; *Clement v. Hartzell,* 60 Kan. 317, 56 Pac. 504; *Brubaker v. Brubaker,* 74 Kan. 220, 86 Pac. 445.)

The defendant says that if its motion for judgment had been denied on the day it was sustained two days remained of the three in which the law permits a motion for a new trial to be filed, and that the action of the court in giving judgment on the special findings terminated the right to move for a new trial.

The Holland case contains a dictum to the effect that if a motion for judgment on the special findings be filed, and the findings settle the case, a motion for a new trial ought not to be asked for or allowed.   If this be true, the defendant terminated its own right to ask for a new trial by successfully invoking judgment on the special findings before the three days expired, and must be satisfied with the work of its own hands.   If

the dictum be not good law, the defendant is without remedy, because it allowed the three days to elapse without filing a motion for a new trial.

The defendant relies upon the decision in the case of *K. C. Ft. S. & M. Rld. Co. v. Berry,* 55 Kan. 186, 40 Pac. 288. Upon the trial of that case the court indicated, at the close of the evidence, that it would direct a verdict for the defendant. The plaintiff then proposed that the jury be allowed to find all the facts, in order that this court might determine what judgment the law and the evidence required. The bargain was struck, the jury returned a general verdict for the plaintiff, together with a series of special findings, all of which were received, filed and recorded, and the court directed the jury to find another verdict for the defendant, upon which judgment was entered. When the case was presented to this court judgment was ordered on the special findings and the uninstructed verdict. (*Berry v. K. C. Ft. S. & M. Rld. Co.,* 52 Kan. 759, 34 Pac. 805, 39 Am. St. Rep. 371.) When the mandate was entered in the district court the defendant filed a motion for a new trial, which was denied. The defendant then prosecuted error, and it was held the motion should be considered as filed in time. The grounds of the decision were stated by Mr. Justice Allen as follow:

"Counsel for plaintiff in error argues with great earnestness and force that the general verdict in favor of the plaintiff for $5000 and the special findings of fact were never recognized by the trial court as verdicts until after the mandate of this court was presented directing that they be received and filed and judgment entered thereon; that at the time of the trial the court refused to receive or recognize these verdicts as verdicts, but directed a general verdict in favor of the defendant, on which it entered judgment; that however much the court might have erred in the conduct of the trial, however unsupported by law or the facts the verdict on which this court directed judgment to be entered might be, the defendant, having a verdict in its favor and a judgment thereon, not only was not

Railway Co. v. Osburn.

called on to file a motion for a new trial, but that there was absolutely no foundation for any such motion. It is further insisted that vitality was first given to the verdict by the order and judgment of this court, and that not until its mandate was presented to the district court did the verdict of the jury have any force as a verdict; that the defendant was then for the first time called upon to challenge its correctness, or the proceedings of the court at the trial. These views impress us as sound. The defendant was under no obligation to recognize a verdict as valid which the court refused to receive or act upon. This court held that the district court erred in refusing to receive the special findings and the general verdict in favor of the defendant, and in refusing to treat them as verdicts, and directed that they should be so received and treated. We think the defendant then had a right to file a motion for a new trial within the statutory time after the mandate of this court was presented; that it was then the duty of the court to pass on the motion for a new trial, and that on such a motion being overruled the defendant had a right to make a case and present to this court any errors occurring at the trial. If this were not so, the defendant would be utterly without remedy, no matter how many or serious the errors of law occurring at the trial might have been." (Page 191.)

This decision is anomalous because made upon an anomalous state of facts. Should anything like the same situation arise again it may be used as a precedent. It is not a precedent here. The present case' is of the ordinary and uncomplicated kind in which one verdict was regularly returned, received, filed, recognized and treated as the verdict in the case. Therefore the ordinary rules govern. The language of the concluding paragraph of the opinion in the Berry case was not intended to authorize a general waiver of the three-day limitation of the filing of motions for new trials whenever hardship would result from its observance.

Rulings upon concurrent motions for judgment on special findings and for a new trial are not final. The district court itself may set them aside, and this court may reverse them. This fact suggests numerous in-

23—79 KAN.

teresting questions relating to the proper practice to be adopted, but this opinion can go no further. The only document bearing the name of a motion for a new trial disclosed by this record was a nullity, and should have been disregarded as having no rightful place in the files.

The trial judge denounced the verdict in severe terms. In numerous decisions this court has said that the verdict of a jury must receive the independent approval of the trial judge or it can not stand. It must be set aside and a new trial must be granted. Therefore the defendant claims it should have a new trial. The doctrine invoked is thoroughly sound, but it has never been applied except under two conditions, which are absent here. The party attacking the verdict should place himself in a position to demand the independent opinion of the trial judge as a matter of right, and to have the benefit of it when expressed, and the trial judge should express himself while the matter is properly *coram judice*. By failing to attack the verdict by a motion for a new trial duly filed the defendant waived all right to a new trial. Innumerable decisions have held that this waiver is absolute and irrevocable, and it includes a waiver of the right to the trial judge's opinion of the verdict. Having no right to be violated, the defendant could suffer no injury and has nothing upon which to predicate error here, no matter what the trial judge said. When the trial judge spoke the subject discussed was not before him for judicial consideration. The paper filed by the defendant did not present it. That document had no more legal effect than a newspaper article assailing the verdict would have had if filed in the case. The judge could examine it no further than to learn that it had no right to be in the files. He then had no function to perform but to ascertain the direction of the mandate and obey it.

Decisions are cited in which it is said that the trial court is not held to blind and slavish obedience to a

mandate, but may do justice as new facts and new rights may require. Here no enlargement of the defendant's rights and no change in the facts took place. The defendant merely sought to secure the benefit of a right which it once possessed but which it had lost.

Finally, the defendant argues that the district court had inherent power to set aside the verdict, and that what it said amounted to a virtual exercise of that, power. The power is freely conceded. Its exercise, however, is subject to some limitations respecting time and occasion. It is well settled that the power should be exercised with caution and in extraordinary cases only. (*Hensley v. Davidson Bros. Co.*, 135 Iowa, 106, 112 N. W. 227.) Parties may waive the right to a new trial, and it is only when the dignity and self-respect of the court and the purity of the administration of justice may be affected that the court should interfere on its own motion. Should the court deem it necessary to interpose of its own accord for the purposes stated it should act promptly, while it has judicial control over the proceeding. In this case the power under discussion was not exercised. The disapproval of the verdict was merely that which a motion for a new trial might have called forth. In the opinion of the judge the evidence did not establish a cause of action. The verdict was not sustained by the evidence— an ordinary statutory ground for a new trial. It is not intimated that the conduct of the jury was such as to render the verdict in legal effect fraudulent or corrupt.

The judgment of the district court is affirmed.