No. 28,480.

Bert J. Mickens, *Appellee*, v. Irving Hill et al., Partners, as The Lawrence Paper Manufacturing Company, *Appellants*.

(271 Pac. 279.)

Opinion filed November 3, 1928.

A. B. Mitchell, of Lawrence, for the appellants.

J. J. King and J. M. Stark, both of Topeka, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover under the workmen's compensation act (R. S. 44-501 *et seq*.). Plaintiff prevailed and defendant appeals. The facts are substantially these: Plaintiff had worked for defendant as a laborer for about seventh months. On January 20, 1927, he with five other laborers went with the superintendent of the defendant paper company to a storage house to unload paper. While so engaged a roll of paper sixty-one inches in length and weighing approximately 1,800 pounds, fell in such a way on a truck the men were using as to cause it to swing around and the handle thereof to strike plaintiff in the abdomen, inflicting the injury complained of. The case was tried to a jury, special findings returned and judgment entered for plaintiff for $650.75 and $11.02 per week from, March 14, 1928, until further order of the court, not to exceed eight years from January 20, 1927.

It is contended by defendant that no personal injury through accident occurred; that there was no objective examination evidence of disability which would incapacitate plaintiff from work and that the claimed injury was not shown to have occurred on, in or about the premises of the employer.

The special findings returned by the jury are as follows:

"1. Did the plaintiff suffer an injury to his upper abdomen or stomach while employed as a laborer by the defendants and in the course of his employment?  A. Yes.

"2. If you answer question one 'yes,' then state whether or not such injury was received on or about the paper mill of the defendants.  A. Yes.

"3. If you answer questions one and two 'yes,' then state the extent of the injury, by telling whether the plaintiff is totally or partially incapacitated for work by reason thereof.  A. Totally.

"4. If you answer question three to the effect that plaintiff was totally incapacitated for work, then state how long such total incapacity for work has existed, and how long it will continue.  A. It has existed from January 20, 1927.  It will continue permanently.

"7. If you find that the plaintiff's incapacity for work is permanent, will it continue for a period of eight years from January 20, 1927?  A. Yes."

The answers of the jury to the special questions were returned into court March 3, 1928.  Seven days thereafter defendant filed a motion for a new trial.

When a verdict, either general or special, comes in, the party against whom it runs may question its correctness by filing a motion for a new trial.  Under the statute such a motion, except for the cause of newly discovered evidence, must be filed within three days after the verdict or decision is rendered.  (R. S. 60-3003.)  A special verdict is otherwise designated as a special finding, and a motion to set it aside on any of the statutory grounds must be filed within three days.  (*City of Osborne v. Hamilton*, 29 Kan. 1; *Clement v. Hartzell*, 60 Kan. 317, 56 Pac. 504; *Railway Co. v. Osburn*, 79 Kan. 348, 100 Pac. 473; *Perkins v. Accident Association*, 96 Kan. 553, 152 Pac. 786; *Doty v. Shepard*, 98 Kan. 309, 158 Pac. 1.)

Whether the accident occurred in, on or about the premises and whether otherwise there may have been merit in the defendants' contentions, need not be discussed for the reason that the findings of the jury are conclusive.  The facts in controversy were fully determined by the answers of the jury, and no other matters of law are presented which could affect the result.

The judgment is affirmed.