No. 29,873.

THE OLIVER FARM EQUIPMENT COMPANY, *Appellee*, v. CHARLES E. FOSTER and A. M. BATES, Copartners as FOSTER & BATES, *Appellants*.

(8 P. 2d 364.)

Opinion filed March 5, 1932.

*Fred J. Evans,* of Garden City, and *R. D. Armstrong,* of Scott City, for the appellants.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This was an action to recover on an oral agreement. The plaintiff prevailed, and the defendants appeal.

The action was originally brought by the appellee and Andrew Tucker. The appellee is the successor in ownership of all the assets of the Hart-Parr Company, and assumed its liabilities. The defendants, Charles E. Foster and A. M. Bates, were copartners doing business under the firm name of Foster & Bates. The Lough Development Company owned a large tract of irrigated lands in Scott county devoted, in part, to the raising of potatoes. The plaintiff, Tucker, was one of the tenants. The appellants had a contract with the development company whereby they furnished seed potatoes, certain special machinery, and supervised the growing and marketing of the potatoes, and the development company furnished the land, water for irrigation, and the labor and machinery for the growing of the crop. The crop was divided equally between the parties. The development company rented a part of its lands to tenants under lease arrangements, whereby the tenant furnished the labor and machinery for the planting, cultivated and harvested the potatoes, and received one-fourth of the crop. The potatoes, when harvested, were marketed by the appellants, and the proceeds of the sale, in cases where the land was leased, were divided one-half to the appellants, one-fourth to the Lough Development Company, and one-fourth to the tenant. The oral agreement as set out in the petition was as follows:

"That in the month of March, 1929, the said Hart-Parr Company sold to the plaintiff herein, Andrew Tucker, one Hart-Parr tractor No. 85372 for the price of $1,350 plus the freight charges thereon, and that as a part of the consideration for the sale of said tractor . . . and for the purpose of inducing the said Hart-Parr Company to make said sale to the said Andrew Tucker, the defendants herein, acting through the defendant Bates, entered into a verbal agreement with both of the plaintiffs herein whereby defendants agreed that if the said Hart-Parr Company would make the sale of said tractor to the said Tucker that the defendants would pay the said Hart-Parr Company the amount earned by the said Tucker with the said tractor at custom plowing on the lands under the control of the Lough Development Company and said defendants, on which lands potatoes were to be grown and marketed to or through the defendants herein, and that said defendants would pay to the said Hart-Parr Company the amount of said custom plowing so done as aforesaid

out of the proceeds of any potatoes grown by the party having such custom plowing done, and sold to or marketed through said defendants."

It was also alleged that the plaintiff, Tucker, did custom plowing for Jim Whitford, G. F. Reid, and the Lough Development Company amounting to $1,108; that they grew potatoes on their land which were sold through the appellants, and the proceeds that came into appellants' hands were more than sufficient to pay for the plowing done by the plaintiff, Tucker, for the tenants.

The answer was a general denial. When the case came on for trial it was agreed by the parties that the court might submit the question to the jury as to whether the agreement was made as alleged in the petition. The disputed question in the evidence was with reference to the agreement, and a further question as to whether the plowing done for the development company came within the terms of the agreement.

There was evidence on the part of the appellee tending to support the alleged agreement, and that the appellee relied upon the agreement when it delivered the tractor to Tucker. The purchase price of the tractor was $1,425, of which $350 was paid in cash, $200 of this amount being paid by Bates and $150 by Lough. Two notes were given by Tucker, one for $625, due August 1, 1929, and one for $450, due August 1, 1930. These notes were payable to Mr. Trout, the local dealer, who indorsed them to the appellee.

Tucker plowed 40 acres for the tenant, Reid, and 172 acres for the tenant, Whitford, which were put into potatoes. The price for the plowing was $3 per acre. He also plowed 204 acres of sod land for the Lough Development Company at $2.25 per acre, which was planted to corn. The bill for this plowing was turned to Foster and Bates to be paid from the sale of potatoes and charged to each tenant's share. The proceeds of the potato sales were received by Foster and Bates. From the proceeds of the potatoes by Reid and Whitford the appellants retained $636, which was credited to Tucker's account. Tucker's account was also credited with $459, being the amount of the plowing done for the Lough Development Company, making a total of $1,108. At the conclusion of the appellee's evidence the plaintiff, Tucker, dismissed his action. Foster and Bates denied the making of any agreement to retain the money for the appellee. The following question was submitted to the jury and answered: "Did the defendant A. M. Bates make the

agreement as alleged by plaintiff and as set out in instruction No. 1? Yes."

The verdict was returned April 18, 1930. A motion was filed by the appellants to set aside the special finding for the reason and upon the ground that the finding was contrary to the evidence, and also a motion for a judgment for the appellants. On May 15, 1930, the motions were heard and ·overruled, and the court found generally for the appellee, and rendered judgment for $1,108, with interest from October 25, 1929. On May 17, 1930, a motion for a new trial containing the statutory grounds was filed. The motion for a new trial came on fór hearing on June 18, 1930, and was overruled.

The record in this case presents a question of practice. The trial .court held that the motion for a new trial was not filed within the statutory time, and consequently it could not review the evidence supporting the verdict of the jury. The appellants, on the other hand, insist that since only one question in the case was submitted to the jury that it was not necessary to file a motion for a new trial until the court made its findings on the other questions involved and entered its decision. This court has repeatedly held that a motion for a new trial filed out of time is a nullity and of no avail to the defeated party. (*Railway Co. v. Osburn,* 79 Kan. 348, 100 Pac. 473; *Mickens v. Hill,* 126 Kan. 794, 271 Pac. 279, and cases there cited.) The motion in this case was not filed within three days after the verdict of the jury was returned and has no validity so far as the proceedings supporting the verdict are concerned. (R. S. 60-3003.) This limits our consideration to the construction of the agreement as found by the jury.

The appellants contend that the court erred in allowing judgment for more than $636, which was the amount of the Reid and Whitford plowing; that since the land plowed for the Lough Development Company was not planted to potatoes it did not come within the terms of the agreement. We think the court properly construed the agreement. While the evidence shows that the land plowed for the development company was planted to corn, this was only preparatory for a subsequent potato crop, and furthermore, this construction appears to have been placed upon the contract by the appellants in that they credited Tucker's account with the amount of the plowing. Taking into consideration all of the facts and circum-

stances, we think the court properly construed the contract, and that the date of the maturity of the promissory notes had no bearing on the enforcement of the contract.

The judgment is affirmed.