No. 31,701

LORENZO BALANDRAN, *Appellant,* v. WALTER COMPTON and F. E. MAHER, *Appellees.*

(41 P. 2d 720)

Opinion filed March 9, 1935.

*David F. Carson* and *Russell L. Stephens,* both of Kansas. City, for the appellant.

*James F. Getty,* of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover medical and hospital expenditures made by plaintiff, consequent on injury to his son in an automobile accident, and to recover for loss of services of the son. The judgment was for defendants, and plaintiff appeals.

While defendant, Walter Compton, was driving an automobile belonging to his employer, the defendant, F. E. Maher, plaintiff's son, Maura Balandran, ran from behind a sand truck on the highway, ran in front of the automobile, and was injured. With a general verdict for plaintiff for $1,300, the jury returned special findings of fact which follow:

"2. Did the plaintiff's son run from behind a sand truck and in front of the automobile the defendant Compton was driving? A. Yes. ·

"3. If you answer question 2 'Yes,' then state how close said boy was to Compton's car when he ran in front of it. A. Fifteen feet.

"4. If you answer question 2 'Yes,' then state whether or not there was anything to prevent said boy seeing the automobile approaching. A. Yes.

"6. After the defendant Compton saw the boy, did he have time to sound the horn or apply the brakes before striking him? A. Yes.

"7. After the defendant Compton saw the boy, would the sounding of the horn or applying the brakes have prevented the accident? A. No.

"8. Was the plaintiff's son on the paved or unpaved portion of the highway when struck by the automobile? A. Unpaved portion.

"9. What portion of the automobile struck the plaintiff's son? A. The left front portion of the car.

"10. Was the defendant Compton guilty of negligence which caused the accident? A. Yes.

"11. If you answer the last question 'Yes,' then state what the acts of negligence consisted of. A. Insufficient knowledge of car he was driving."

The general verdict and the special findings were returned on May 12. Plaintiff did not challenge the findings in any way, and made no motion for a new trial. On May 13 defendants moved for judgment in their favor, notwithstanding the general verdict, and the motion was allowed.

Plaintiff pleaded eight grounds of negligence, all of which related to operation of the automobile. The court separately numbered the charges of negligence and submitted all of them, so numbered, to the jury. Being unable to find Compton guilty of any one of the charges of negligence contained in the petition and submitted by the court, the jury invented the special act of negligence stated in the answer to question 11. The result was the motion for judgment on the special findings was properly allowed.

The motion for judgment was allowed and judgment was rendered for defendants on May 27. On May 31 plaintiff filed a motion for a new trial. The motion was nugatory as a motion for a new trial, and was properly denied.

Plaintiff says the general verdict finds support in the general findings. This is true to a limited extent, but the general verdict was nullified by finding 11, which acquitted Compton of all negligence pleaded.

Plaintiff says defendant's liability was settled in a previous action against defendants, in which the injured boy recovered. That litigation settled nothing between the parties to this action.

Plaintiff says the jury disobeyed instructions. If so, the subject is of no consequence in this appeal.

Other subjects presented by plaintiff as grounds for reversal are without merit, and the judgment of the district court is affirmed.