No. 33,361

THE CITY OF LEAVENWORTH, *Appellee,* v. A. PENNINGTON, *Appellant.*

(72 P. 2d 78)

Opinion filed October 9, 1937.

*T. W. Bell,* of Leavenworth, for the appellant.

*Lee Bond* and *Malcolm McNaughton,* both of Leavenworth, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment overruling a belated motion by defendant Pennington for a new trial in an action in ejectment and for possession of two town lots in the city of Leavenworth.

Consolidated with this action was another between Bolman, a lumber dealer, and this same Pennington, to enforce a lien for certain materials purchased by Pennington to improve the town lots in dispute.

Judgment in favor of the plaintiff, the city of Leavenworth, was entered against Bolman and Pennington, on July 20, 1935; but Bolman was awarded a lien on the improvements, which "in no wise constitutes a lien against the real estate." Provision was made for the sale of the improvements to satisfy Bolman's lien, and possession of the real estate was ordered to be delivered to the plaintiff city within 30 days.

On November 19, 1935, defendant made application under the occupying-claimant's law (G. S. 1935, 60-1901 *et seq.*) for a jury to assess the value of improvements made by defendant. On November 23, 1935, this motion was allowed. A jury was called and the cause was tried on December 27, 1935, and a sealed verdict returned into court the same day.

On January 18, 1936, on motion of both parties, the verdict was opened and a somewhat equivocal verdict was revealed, which we need not stop to consider, because the defendant interpreted it to be adverse to him and moved to set it aside as "contrary to the law and evidence," and to vacate the judgment entered thereon. Just when that motion was filed is not shown, but it was considered and overruled on July 17, 1936.

The foregoing is gleaned from the first 84 pages of appellant's abstract, and in legal effect brought this litigation to an end.

However, on October 28, 1936, a motion for a new trial was filed in the main case, and also in the materialman's lien issue. This motion was overruled; and that ruling is the basis of this appeal. The appeal notice reads:

"You are hereby notified that the defendant, A. Pennington, hereby appeals from the order and judgment of this court entered on October 31, 1936, overruling a motion for new trial filed herein on October 28, 1936, to the supreme court of the state of Kansas."

Plaintiff meets this appeal with a motion to dismiss on various grounds, the simplest and most obvious of which is that defendant's motion for a new trial filed on October 28, 1936, one year, three months and eight days after the rendition of judgment on July 20, 1935, was without any legal significance. Such a motion should have been filed within three days, as the civil code prescribes (G. S. 1935, 60-3003). This is elementary law, as this court has many times said. (*Oliver Farm Equipment Co. v. Foster*, 134 Kan. 654, 657, 8 P. 2d 364; *Phoenix Mutual Life Ins. Co. v. Central States Fire Ins. Co.*, 137 Kan. 69, 70, 19 P. 2d 696.) Passing that point, the motion for a new trial on the issue raised under the occupying-claimant's law should have been filed within three days after the verdict on that issue was opened on the joint application of both parties on January 18, 1936. (G. S. 1935, 60-3003; *Clement v. Hartzell*, 60 Kan. 317, 56 Pac. 504; *Railway Co. v. Osburn*, 79 Kan. 348, 100 Pac. 473; *Duggan v. Railway Co.*, 96 Kan. 249, 150 Pac. 557; *Mickens v. Hill*, 126 Kan. 794, 271 Pac. 279.)

In appellant's abstract we note two pages of specifications of error, but they all necessarily depend on the subject matter of the appeal—the overruling of the motion for a new trial which was filed on October 28, 1936. As that motion had no significance, it was properly overruled, and that ruling supplied no basis for this appeal. The result is, this appeal must be dismissed. It is so ordered.