No. 38,835

Paul Myers, *Appellee*, v. Kansas Stone Products Company, Inc., *Appellant*.

(254 P. 2d 270)

Opinion filed March 7, 1953.

*Clement Wilson* and *William V. Dixon, Jr.*, both of Tribune, and *Robert T. Patterson*, of Columbus, were on the briefs for the appellant.

*Herschel Washington*, of Leoti, was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an action on an account wherein the plaintiff recovered and the sole error relied upon on appeal is that the trial court erroneously deprived the defendant of its right to a trial by jury.

The pleadings are of little importance to the issue involved on appellate review. For informative purposes it may be said plaintiff commenced the action by the filing of a petition in which he alleged that from April, 1949, to August, 1950, he had furnished the defendant oil, gasoline, and grease at the special instance and request of its duly authorized agents amounting to the sum of $633.96 and prayed for judgment in that amount. Defendant answered on March 29, 1951, denying liability on the indebtedness

and charging that the materials were not furnished to it but to one C. P. Smith for his own personal use. Plaintiff's reply filed on May 26, 1951, consisted of a general denial.

On October 15, 1951, which was the first day of the regular October 1951 term of the district court of Greeley County and more than five months after issues had been joined as above set forth, the court called the case for trial. Plaintiff appeared in person and by his attorney and the defendant made no appearance whatsoever. Thereupon plaintiff announced ready for trial and indicated his willingness to waive a jury and submit the case to the court. Following this announcement the court proceeded to try the cause and thereafter, on the same day, rendered judgment in plaintiff's favor for the full amount claimed in the petition.

It is claimed, and not denied, that a copy of the journal entry was forwarded to appellant's attorney on October 17, 1951, but we are not disposed to labor the effect of that action as we regard it of little consequence in view of the existing circumstances. For our purposes, it suffices to say that so far as the record discloses appellant took no further action respecting the case until November 3, 1951. On that date, without attempting to bring itself within the exception set forth in G. S. 1949, 60-3003, providing that a motion for a new trial must be filed within three days after a verdict or decision is rendered, it filed a motion for a new trial which, except for the ground of newly discovered evidence material to the cause which it could not have discovered and produced at the trial in the exercise of reasonable diligence, contained all the statutory grounds (G. S. 1949, 60-3001). This motion was heard and denied on April 1, 1952. Thereupon appellant gave notice it was appealing from the court's action in ordering the cause to be tried without a jury, ordering such cause tried without being docketed and notice given, and overruling its motion for a new trial. In this court, as heretofore indicated, although error respecting all such matters, is specified, it concedes the sole question presented for review is whether, under the conditions and circumstances heretofore related, it was erroneously deprived of a trial by jury.

At the outset appellee advances two contentions respecting the appellant's right to be heard on the issue raised on appeal. We are required and therefore give our attention to those matters.

The first of these contentions is that appellant failed to file his abstract of record within forty days from the date of the filing of

his notice of appeal as required by Rule 8 of this court. There might be merit to this claim if appellee had made this challenge prior to the time appellant had filed his abstract and brief. However, he did not do so. In fact he waited until he filed his own brief to raise the question. As recently as *Holmes v. Kalbach*, 173 Kan. 736, 252 P. 2d 603, we rejected a similar contention and held that under such circumstances, even though we did not approve of a violation of our rule, a litigant would not be deprived of appellate review. For another decision to the same effect see *French v. French*, 171 Kan. 76, 83, 229 P. 2d 1014.

Appellee's second contention, bottomed upon the premise that appellant failed to file a motion for a new trial until long after the period fixed by statute (G. S. 1949, 60-3003) had expired and hence is not now entitled to consideration of the issue it seeks to have reviewed, presents a far more serious problem. There can be no question, under the confronting facts and circumstances, regarding the status of the trial court's action in holding the case was triable to the court on the first day of the regular October term when the appellant made no appearance. Wholly aside from the merits its action in that respect, if it were erroneous, was in the nature of a trial error which must be raised by a motion for a new trial in order to be reviewable on appeal.

This court has long adhered to the rule that in the absence of a motion for a new trial mere trial errors are not open to appellate review (See *Billups v. American Surety Co.*, 173 Kan. 646, 251 P. 2d 237; *Smith v. Kansas Transport Co.*, 172 Kan. 26, 238 P. 2d 553; *Rasmussen v. Tretbar*, 170 Kan. 184, 224 P. 2d 1010; *Erskine v. Dykes*, 158 Kan. 788, 150 P. 2d 322, and numerous other authorities cited in West's Kansas Digest, Appeal & Error, § 281; Hatcher's Kansas Digest [Rev. Ed], Appeal & Error, § 366). It is also committed to the rule that a motion for a new trial, such as is here involved, filed out of time is a nullity and of no avail to the defeated party. For decisions squarely in point see *Bennett Grain Co. v. Davis, Director-general*, 114 Kan. 800, 220 Pac. 1031; *Oliver Farm Equipment Co. v. Foster*, 134 Kan. 654, 8 P. 2d 364; *Balandran v. Compton*, 141 Kan. 321, 41 P. 2d 720; *City of Leavenworth v. Pennington*, 146 Kan. 459, 72 P. 2d 78; *Gates v. Gates*, 160 Kan. 428, 437, 163 P. 2d 395. Other decisions dealing generally with the subject and to the same effect may be found in West's Kansas Digest,

New Trial, § 119, and Hatcher's Kansas Digest [Rev. Ed], New Trial, § 47.

Based on the foregoing authorities we have little difficulty in concluding that appellant's failure to file its motion for a new trial within the time prescribed by statute (60-3003, *supra*) warranted the trial court in overruling the motion for a new trial and that the question it now seeks to have determined in this court is not open to appellate review. It necessarily follows the order overruling the motion for new trial must be affirmed.

It is so ordered.