No. 38,834

C. P. Smith, *Appellee*, v. Kansas Stone Products Company, Incorporated, *Appellant.*

(254 P. 2d 272)

Opinion filed March 7, 1953.

*Robert T. Patterson,* of Columbus, *Clement L. Wilson* and *William V. Dixon, Jr.,* both of Tribune, were on the briefs for the appellant.

*Herschel Washington,* of Leoti, was on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This is an appeal by the defendant from a judgment rendered on two causes of action, the first being for personal injuries and the second for services rendered.

The issues were fully joined by pleadings consisting of a petition, answer and reply, the latter having been filed May 26, 1951.

On October 15, that being the first day of the regular October, 1951, term of the district court of Greeley county, appellee appeared with his counsel but neither appellant nor its counsel appeared. It is observed the issues had been fully joined almost five months before October 15, 1951. On the latter date appellee waived trial by jury, introduced his evidence, submitted the issues to the court and judgment was rendered in the amount sought by appellee.

On October 17, 1951, counsel for appellee forwarded the journal entry of judgment to counsel for appellant. Nothing was done by appellant or its counsel until November 3, 1951, when a motion for new trial was filed. It alleged no reason for appellant's failure to appear in court on the first day of the October term and the record discloses no evidence of that character introduced on the hearing of the motion for a new trial. The motion was denied April 1, 1952.

On April 10, 1952, defendant filed a notice of appeal. That notice did not include an appeal from the judgment. The orders expressly designated in the notice were: (1) The order causing the case to be tried without a jury; (2) the order causing the case to be tried without being docketed and notice given; and (3) the denial of defendant's motion for a new trial.

Appellant's abstract was filed in this court on September 25, 1952, more than five months after the filing of the notice of appeal.

In support of appellant's assignments of error, which are the same as the orders designated in the notice of appeal, it relies on the following code provisions: G. S. 1949, 60-2903; 60-2920; 60-2930. Appellee contends actions are triable on issues of fact in ten days after the issues are made up (G. S. 1949, 60-2932) and that the three day notice required for the taking of default judgments in causes in which adverse counsel has appeared of record no longer applies under rule 48 of the supreme court (G. S. 1949, 60-3827) where a default judgment is taken on the first day of a regular term of court fixed by the statute. G. S. 1949, 60-3825 contains the rule-making power of the supreme court.

Before treating the appeal on its merits we are confronted with appellee's contention the appeal should be dismissed for the following reasons:

(1) The motion for new trial was filed too late.

(2) Appellant's abstract was filed too late. It was not filed until more than five months after the notice of appeal. A transcript of the testimony was not necessary to submit the questions appellant presents on appeal and under rule 8 of this court (G. S. 1949, 60-3826) it was necessary to file the abstract within forty days from the date of notice of appeal.

In answer to the second ground of appellee's motion to dismiss appellant asserts it relied on the notice it received from the clerk of the supreme court dated May 27, 1952, in which it was advised, "Under Rule 8 your abstract should be filed by 9-26-52." It was filed September 25, 1952.

The regular notice sent by the clerk merely indicated the time for filing an abstract when a transcript of the testimony is necessary to present questions raised on appeal. The clerk could not assume no transcript would be necessary. Had counsel for appellant read rule 8 they would have discovered the first sentence thereof limited the time for filing an abstract to forty days where, as here, no tran-

script of the testimony is necessary. Appellant's failure to comply with that part of the rule applicable to its appeal does not justify the belated filing of the abstract. In any event we need not rest our decision on appellant's failure in this respect.

We have already indicated the notice of appeal did not include an appeal from the judgment rendered. The orders appealed from were the three previously stated. The judgment was rendered October 15, 1951. On October 17 a journal entry of judgment was forwarded to appellant's counsel. Appellee informs us, and the record here discloses, appellant had counsel at Columbus and at Tribune. Nothing was done until November 3, 1951, nineteen days after the rendition of judgment, when a motion for new trial was filed. That was more than three days after the rendition of judgment and, of course, was too late. (G. S. 1949, 60-3003.) On the hearing of the motion no evidence was presented which indicated, or tended to indicate, unavoidable casualty or misfortune which prevented appellant from appearing on the first day of the term or prevented the filing of his motion for a new trial in time. The motion for new trial having been filed out of time it follows the appeal from the order overruling it presents no trial errors for review in this court. If the first two orders specified in the notice of appeal were actually erroneous, which could be determined only if the appeal were here on its merits, they constituted trial errors for which redress could be obtained only by filing a timely motion for a new trial.

That motion not having been filed in time was a nullity and the order of the district court overruling it is affirmed, following *Myers v. Kansas Stone Products Co.*, No. 38,835, 174 Kan. 111, 254 P. 2d 270, this day decided.