No. 39,076

G. H. OSBORN, *Appellant* and *Cross-Appellee*, v. THE WHEAT GROWERS MUTUAL HAIL INSURANCE COMPANY, *Appellee* and *Cross-Appellant*.

(263 P. 2d 214)

Opinion filed November 7, 1953.

*Geo. R. Gould* and *George Gould, Jr.*, both of Dodge City, argued the cause and were on the briefs for the appellant and cross-appellee.

C. C. Linley, of Cimarron, argued the cause, and *Merton Elliott*, of Sublette, and *Russell L. Hazzard*, of Dodge City, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This is an action against a mutual hail insurance company to recover for hail damage to a growing crop of pinto beans. Recovery was originally sought under two causes of action. From an order overruling a demurrer to the second cause of action defendant appealed to this court. We reversed that ruling in *Osborn v. Wheat Growers Mutual Hail Ins. Co.*, 172 Kan. 706, 242 P. 2d 1084.

To the remaining first cause of action, the allegations of which are summarized in our former decision, defendant filed its answer and cross-petition. The answer admitted the issuance of the hail insurance policy in question, admitted that the crop of beans was damaged by hail, but denied that physical damage to the crop was one hundred percent. For its cross-petition defendant alleged liability of plaintiff in the amount of $132 on account of an unpaid promissory note given by plaintiff to defendant in payment of the premium on the policy of insurance involved. The prayer of the cross-petition was that the court determine the sum due plaintiff because of his hail loss, if any; that the amount of $132 be set off against the amount of plaintiff's recovery, if any, and that in the event no recovery be allowed to plaintiff that defendant have judgment in the amount of the note.

Plaintiff's reply was in the nature of a general denial of allegations in the answer, and admitted the execution of the promissory note for $132, and that it was unpaid.

Upon the issues thus joined the parties went to trial before a jury. On November 13, 1952, the jury returned a general verdict in favor of plaintiff in the sum of $768, and at the same time answered two special questions as follow:

"No. 1. What percentage of the beans do you find were lost by shatter from hail only on August 28, 1950? Ans.: 41%.

"No. 2. What percentage of the beans, remaining in the pods, do you find were damaged by hail only on August 28, 1950? Ans.: 34%."

The journal entry of judgment recites that on that day, November 13, 1952,

". . . the court accepts the verdict of the jury and the answers to the special questions and continues the cause for judgment until December 9, 1952, at 10 o'clock a. m."

On December 9, 1952, plaintiff filed a motion for a new trial, the grounds thereof being that the court erred in excluding certain evidence and in refusing to give a requested instruction.

The record also discloses that subsequent to the rendition of the jury's verdict on November 13, 1952, but prior to December 9, 1952 (however, the exact date is not shown), defendant company filed two motions, one to set aside the general verdict because it was inconsistent with and contrary to the special findings, and the other for judgment on the special findings.

On December 9, 1952, the court overruled defendant's oral motion to strike plaintiff's motion for a new trial from the files; overruled the motion for a new trial; overruled defendant's motions to set aside the general verdict and to render judgment on the special findings, and entered judgment in favor of plaintiff in the amount of $768 as returned by the jury in its general verdict. It also allowed an attorney's fee for plaintiff's counsel in the amount of $600, the same to be taxed as costs, under the authority of G. S. 1949, 40-908.

Plaintiff has appealed from the order overruling his motion for a new trial, the grounds of such motion being heretofore stated.

His specifications of error are that the court erred in excluding certain evidence and in refusing to give a requested instruction. In other words, it is to be noted that plaintiff's motion for a new trial, his notice of appeal, and specifications of error, set out only two matters—alleged error in excluding certain evidence, and in refusing to give a requested instruction.

Defendant company cross-appealed from the orders denying its motions to set aside the general verdict and to render judgment on the special findings. Its specifications of error concern the correctness of those orders.

At the outset, we are confronted with defendant's motion to dismiss plaintiff's appeal on the ground that the motion for a new trial, being filed some twenty-six days after the jury returned its verdict, was a nullity and therefore plaintiff is not entitled to be heard.

G. S. 1949, 60-3003, provides that a motion for a new trial (except for the cause of newly discovered evidence) must be filed "within three days after the verdict or decision is rendered, unless unavoidably prevented." Here the verdict was returned on November 13, 1952, but plaintiff's motion for a new trial was not filed until the following December 9th. In *Oliver Farm Equipment Co. v. Foster*, 134 Kan. 654, 8 P. 2d 364, it was held:

"A motion for a new trial filed out of time is a nullity and of no avail to the defeated party." (Syl. 1.)

and in the course of the opinion it was said:

"This court has repeatedly held that a motion for a new trial filed out of time is a nullity and of no avail to the defeated party. (Citing cases.) The motion in this case was not filed within three days after the verdict of the jury was returned and has no validity so far as the proceedings supporting the verdict are concerned." (p. 657.)

See also the recent case of *Myers v. Kansas Stone Products Co.*, 174 Kan. 111, 254 P. 2d 270, and the numerous cases cited in the opinion as bearing on the question.

Under the record before us, however, it does not follow that plaintiff's appeal must be dismissed, but it does mean that, inasmuch as plaintiff's motion for a new trial, his notice of appeal, and specifications of error, raise only alleged trial errors which must have been called to the trial court's attention by a timely motion for a new trial, there remains nothing for this court to review. The court did not err in overruling the motion for a new trial.

This brings us to the question of defendant's cross-appeal, which, as heretofore stated, is from the denial of its motions to set aside the general verdict and to render judgment on the special findings.

The jury, in answer to the special questions, found that 41 percent of the beans were lost by shatter from hail, and that 34 percent of the beans remaining in the pods were damaged by hail. The general verdict was for $768. Maximum liability under the policy was the sum of $1,200. It was admitted that the unpaid promissory note given by plaintiff to the company in payment of the premium on the policy was in the amount of $132. From their oral arguments and briefs it appears the parties take for granted that the jury arrived at the general verdict by adding 41 percent and 34 percent, which would be 75 percent, and then subtracting the sum of $132 from $900, the latter figure representing 75 percent of the maximum liability under the policy, thus leaving a net figure of $768.

Defendant contends the answers to special questions are inconsistent with the general verdict in this respect: It argues that in answer to the first question the jury found that 41 percent of the total crop was lost by shatter, thus leaving 59 percent of the beans still in the pods, and in answer to the second question found that 34 percent the remaining 59 percent—rather than 34 percent of the total crop—was damaged by hail, and that thus computed the

loss or damage would represent 61.06 percent of $1,200, or the sum of $732.72, and that subtracting the amount of the premium note from that figure would leave a net amount of $600.72 due plaintiff.

The trouble with defendant's contention in this respect is two-fold—first, assuming that the jury did arrive at the amount of the general verdict in the manner suggested, there is evidence in the record to support a finding that at least 75 percent of the total crop of beans was lost or damaged; and secondly, there is nothing in the answers, standing alone, to compel the overthrow of the general verdict and to compel the rendition of judgment on such findings in the lesser amount urged. In *Underhill v. Motes*, 160 Kan. 679, 165 P. 2d 218, the applicable rule is stated:

"It must always be remembered that in the consideration of a question of inconsistency between answers to special questions and the general verdict nothing will be presumed in aid of the special findings and that every reasonable presumption will be indulged in favor of the general verdict. (Citing cases.) Therefore, unless the special findings clearly overthrow the general verdict the latter must be permitted to stand. (Citing cases.) In other words, the special findings must be of such a character as to compel the court to set aside the general verdict." (p. 682.)

See also *Claggett v. Phillips Petroleum Co.*, 150 Kan. 191, 195, 92 P. 2d 52, and *Simeon v. Schroeder*, 170 Kan. 471, 474, 227 P. 2d 153.

The court did not err in denying defendant's motions to set aside the general verdict and to render judgment on the special findings.

And finally, under a supplemental specification of error, defendant argues that in the event this court should order judgment to be entered for the lesser amount, $600.72, the allowance of an attorney's fee in the sum of $600 should not be permitted to stand for the reason that prior to trial defendant offered to allow plaintiff to take judgment in the sum of $840, less the sum of $132 due on the note, or in a net amount of $708.

The judgment finally rendered was for $768, and as, for reasons already stated, it is permitted to stand, defendant's contention with respect to the allowance of an attorney's fee cannot be sustained. Furthermore, even though the amount of recovery were not in excess of the tender, the record shows that the tender was made prior to *trial*—and *not* prior to the *commencement of the action*, as required by G. S. 1949, 40-908.

From what has been said it follows that all rulings, orders and judgments appealed from are affirmed.