No. 39,693

ROSCOE SHIVERS, as father and next of kin of Wilma Shivers, *Appellant*, v. FRANK CARLSON, ELMO W. CARLSON and CALVIN A. CARLSON, doing business as Carlson & Sons Trucking Line, and HAWKEYE CASUALTY COMPANY, *Appellees*.

ROSCOE SHIVERS, as father and next of kin of Harold Shivers, *Appellant*, v. FRANK CARLSON, ELMO W. CARLSON and CALVIN A. CARLSON, doing business as Carlson & Sons Trucking Line, and HAWKEYE CASUALTY COMPANY, *Appellees*.

ROSCOE SHIVERS, *Appellant*, v. FRANK CARLSON, ELMO W. CARLSON and CALVIN A. CARLSON, doing business as Carlson & Sons Trucking Line, and HAWKEYE CASUALTY COMPANY, *Appellees*.

ROSCOE SHIVERS, as widower of and as next of kin of Opal Shivers; MARY JANE SHIVERS, HOWARD LEE SHIVERS, minors, as next of kin of Opal Shivers, by ROSCOE SHIVERS, their father and next friend; and THELMA C. GRIMES, as next of kin of Opal Shivers, *Appellants*, v. FRANK CARLSON, ELMO W. CARLSON and CALVIN A. CARLSON, doing business as Carlson & Sons Trucking Line, and HAWKEYE CASUALTY COMPANY, *Appellees*.

(283 P. 2d 450)

Opinion filed May 7, 1955.

*A. J. Herrod,* of Kansas City, argued the cause and was on the briefs for the appellants.

*T. F. Railsback,* of Kansas City, argued the cause, and *Courtney Perkins,* of Kansas City, Mo., was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This appeal was taken from a verdict and judgment in favor of appellees in the trial court. The action was one for wrongful death caused by the negligence of appellees, which grew out of an intersection collision between a red Dodge half-ton panel truck, driven by appellant, Roscoe Shivers, and a tractor-trailer combination transport truck used by appellees in the operation of the Carlson & Sons Trucking Line, which was insured as to liability by the Hawkeye Casualty Company. Appellant Roscoe Shivers' wife and two children were killed, appellant was injured, and there was damage to the truck which he was driving.

Four actions were originally filed in the district court of Wyandotte county. An order was made by one of the four judges of the district court consolidating the four actions. One of the actions was based on the wrongful death statute for recovery by reason of the death of Wilma Shivers, fifteen years of age; the second by reason of the death of Harold Shivers, seventeen years of age; the third for personal injuries to appellant Roscoe Shivers and damages to his truck; the fourth by reason of the death of Opal Shivers, wife of the appellant Roscoe Shivers and mother of the Shivers' children.

As can be seen, three of these cases were for wrongful death caused by the alleged negligence of appellees' agent (the truck driver) which negligence was the proximate cause of the death in each instance. The fourth case was for personal injuries to appellant Shivers and for property damage to his 1946 red Dodge

half-ton panel truck, also, as a result of appellees' negligence. The facts substantially were:

About 9:00 p. m. on June 1, 1951, appellant, who was forty-two years of age, was driving his truck north on state highway No. 7, which intersected with four lane U. S. highway No. 24-40 at right angles; No. 24-40 highway has two lanes on the south side for eastbound traffic, a four foot middle strip as a divider, and two lanes on the north side for westbound traffic; highway No. 7 is forty feet wide and No. 24-40 is sixty-four feet wide; as appellant approached the intersection, he stopped in obedience to a stop sign some ten or twelve feet south and looked to the west; he saw the headlights of a vehicle one half or three fourths of a mile west, which disappeared into a dip to the west of the intersection; appellant looked east and seeing no approaching headlights, proceeded into the intersection, at a speed of fifteen miles per hour, until the front of his truck was even or south of the four foot medial strip; appellant looked east again and saw the lights of appellees' 1949 transport truck coming over the crest of a hill some 600 to 1,000 feet to the east at an apparent speed of thirty to thirty-five miles per hour; he again looked at appellees' transport, which was traveling fifty-five to sixty miles per hour; a quick glance to the west apprised appellant of the fact that the car coming on the inside lane was traveling seventy to seventy-five miles per hour; he accelerated his speed from twenty to twenty-five miles per hour to get out of its way; upon looking back to the east the appellees' transport was only five feet away and the collision occurred in the north lane of the westbound traffic; appellant's wife sat on his right and the three children, Harold Shivers, Wilma Shivers, and Johnnie Phillips were sitting on an army locker immediately behind the seat of the truck; the appellees' transport had a total weight of 38,000 pounds and the front thereof hit appellant's truck right behind the right door.

Further facts substantially were:

After the collision and from the point thereof appellant's truck, which was sixteen feet long, came to rest upright against a tree in a low place seventy-four feet to the northwest; the top of the truck was out and it was badly wrecked; appellees' transport, badly damaged, came to rest on its side 126 feet on down the highway and slightly to the north thereof; it was headed northeast; clothing was noticed caught in a tree about seven or eight

feet above the ground; appellant was unconscious and pinned under his truck fender; Opal, his wife, was in the truck and was still breathing when found; the two Shiver children were not immediately discovered, but later Wilma's body was located forty to forty-five feet north of the north edge of highway No. 24-40 and about halfway between the two trucks; Harold's body was found thirty to thirty-five feet northeast of Wilma's body and northwest of the intersection; Opal died soon after the collision from internal injuries; Wilma's death was caused by a fractured skull and internal hemorrhage, and Harold's death was caused by a broken neck and internal hemorrhage.

In Wyandotte county the twenty-ninth judicial district court has four divisions, which are presided over by four judges. The judges rotate each term so that one judge handles preliminary and law matters. At the time of appellees' motion to consolidate the four lawsuits in this case for purposes of trial, the Honorable Edward L. Fischer of division No. 1 ordered the consolidation of the four lawsuits. Later, the Honorable Willard M. Benton of division No. 2 became preliminary or law judge and sustained a motion to strike the names of the surviving brother and sisters in the cases based on the wrongful deaths of Harold and Wilma. Finally, the Honorable Harry D. Miller, Jr., tried the consolidated cases as a jury trial.

For clarity, in referring to Roscoe Shivers as appellant we also include the surviving children.

As a result of Judge Benton's order, appellant not only struck the names of the surviving brother and sisters of Harold and Wilma from the actions based on their deaths, but also struck the same names in the case based on Opal's death. Before trial to Judge Miller there was a serious question raised by appellees as to the advisability of trying the four matters together as one action. Appellant said there had been a consolidation on appellees' motion and that the appellant was ready to try them all together, but if the court wanted to try three cases together, two of which were based on the death of the two children, and the third on the personal injury and car damage, and later try the fourth case separately, that was all right with appellant. The consolidated action was tried to a jury, which returned the following verdicts on April 24, 1954:

"We, the jury, find for the defendants (Pen and ink addition). *We, the jury find both the plaintiff and defendants guilty of negligence.*

"E. RAY EDWARDS,

"Foreman.

.   .   .   .   .   .   .   .   .   .   .   .

"We, the jury, find for the plaintiff, and against the defendants, and assess the amount of his recovery at $_____.

"(In pen and ink) *We, the jury, find both the plaintiff and defendant guilty of negligence.*    (Their emphasis.)

"E. RAY EDWARDS,

"Foreman."

The jury answered twenty special questions, but only two of them are challenged by the instant appeal. They read:

"17. Was Roscoe Shivers guilty of any negligence which either produced or contributed to said collision? A. Yes.

"18. If you answer the foregoing question in the affirmative, state the negligence of which you find Roscoe Shivers guilty. A. Did not accurately judge distance and speed of approaching car from west and truck from the east."

On April 24, 1954, appellant filed his motion for a new trial consisting of eleven grounds; his motion to set aside answers to questions No. 17 and 18; and his motion for judgment on the special findings. Appellees filed a motion for a new trial, but withdrew it on May 27, 1954, at which time appellant withdrew his motion for new trial on the question of damages only and his motion for judgment on special findings. All remaining motions were overruled by the trial court on June 10, 1954.

There were five grounds in the notice of appeal filed with this court on August 2, 1954, as follows:

"1. The order made by Judge E. L. Fischer on January 10, 1952, consolidating the four above entitled causes.

"2. The order of the Court refusing to grant plaintiffs a new trial.

"3. The order of the court overruling plaintiffs' motion to set aside the answers to special questions numbered 17 and 18.

"4. And from all other mesne and final orders made in this cause adverse to the plaintiffs.

"5. Plaintiffs also appeal from the judgment entered herein in favor of the defendants."

Appellant sets out three specifications of error as follows:

"1. In overruling plaintiff's motion for a new trial.

"2. In all matters and points set forth in plaintiff's motion for a new trial.

"3. In overruling plaintiff's motion to set aside the answers to special questions."

We do not think it is necessary to set out all the evidence which appeared in the abstract and counter abstract. The facts as stated here were taken from the evidence and pleadings which apparently were considered by the jury in arriving at its verdicts and the answers to the special questions.

The first question which attracts our attention is the consolidation order of the then preliminary judge. Without setting out the voluminous colloquy between counsel and the judge what actually happened was that appellees' counsel stated he thought it would present quite a problem to the trier of the action to undertake to try all four actions in a consolidated form. The suggestion was meritorious, but the attorney for appellant stated that he was ready to try the four cases as one. In surveying what transpired on the question of consolidation we note that the only plaintiff in all four cases was the appellant and the subject matter was the same. Why couldn't the trial court consolidate the four actions since the defendants, also, were the same? There was in effect only one lawsuit, which set up four causes of action, and thus there was no error made at the time of the consolidation order. Appellees had gone further in their motion to consolidate and had requested a recasting of the pleadings, but this was not made part of the order. However, appellant filed amended petitions in three of the cases where he set up that he, as next of kin, together with the surviving brother and sisters, was plaintiff suing to recover under G. S. 1949, 60-3203, which is commonly known as the wrongful death statute. This was a proper procedure in the action based on Opal's death, but it was not proper in the action based on Wilma and Harold's deaths. In other words, appellant, Roscoe Shivers, was the proper plaintiff in Wilma and Harold's wrongful death actions, and in the action for his own injuries and damages to his truck, but in the action based on the death of Opal, the wife and mother, he was plaintiff in his own right and also for the use and benefit of his and Opal's surviving children. It must follow that the Honorable Willard M. Benton was correct when he ordered the names of the surviving brother and sisters stricken from the petitions in the actions based on the deaths of Harold and Wilma. This procedure made the situation that was presented at the time of trial entirely different from the one that confronted the preliminary judge at the time of the consolidation order.

Appellant had an opportunity to try the three cases where he was the sole plaintiff separate from the one in which his surviving children were proper parties along with him, but he did not see fit to do so and he cannot now have a second chance to recover because he was unsuccessful in his first attempt.

Appellant next contends the trial court erred in overruling the motion for a new trial, which consisted of eleven grounds. However, only grounds 2, 6, 7, 8, 9, and 11 are urged here and ground 11 has already been covered in what the court has here said. Grounds 2, 8, and 9 were discussed together and they cover misconduct of the jury, that the verdicts were given under the influence of passion and prejudice, and the verdicts were in whole or in part contrary to the evidence. Appellant makes much of the fact that the jury answered special questions in keeping with appellant's testimony, which is true, but without repeating those questions and answers, the reason therefor is self-evident. The only testimony before the jury was by appellant himself and, therefore, the jury could only answer the questions as it did. We must bear in mind that the only other occupants of the Shivers' truck are deceased. Appellees mention that the jury in its answers to these special questions followed the testimony of appellant and found that the car approaching from the west and the truck approaching from the east were traveling at fantastic speeds, or they were much closer to the intersection than appellant showed them to be at the time of his entrance into highway No. 24-40 from highway No. 7.

In appellant's next contention, he states there was no evidence that he "did not accurately judge distance and speed of approaching . . . truck from the east." We observe from the record that by this time there was testimony other than that of appellant which the jury could and apparently did believe from the manner in which it returned the two verdicts into court.

Appellant cites the rule that a jury, in answering special questions, cannot reach out and invent a special act of negligence that is not contained in the pleadings (*Balandran v. Compton*, 141 Kan. 321, 41 P. 2d 720) but that rule is inapplicable here. In our case while appellees' answer was not set out in full, the record shows it was substantially alleged that appellant continued into the intersection when other cars were traveling on U. S. highway No. 24-40 so closely as to constitute an immediate hazard and

those facts and circumstances directly contributed to the collision. From this allegation, it can readily be seen why the jury found that appellant was guilty of negligence and notwithstanding its findings of negligence on the part of appellees' driver, which the jury also found was a proximate cause of the accident, the jury was not precluded from finding what it did in its answers to questions No. 17 and 18 to the effect that appellant was guilty of contributory negligence. For further clarification, we might add that although the trial court's instructions were not set out in the record here, it is apparent there was an instruction given from which the jury arrived at the answers to questions No. 17 and 18. It is not reflected in the record that appellant objected to the instruction nor does he raise any point here. The only conclusion to be drawn therefore, is that the trial court properly instructed on the evidence before it. The jury properly found there was other negligence present in addition to the negligence of appellees. (*Rasing v. Healzer*, 157 Kan. 516, 142 P. 2d 832, Syl. ¶¶ 2, 3.)

Appellant complains that the jury found appellees' negligence was a proximate cause of the accident and there was no proximate causation on the part of appellant. The verdicts disprove such a contention. Appellant did not object to special questions No. 17 and 18. Neither did he request a special question as to whether his contributory negligence, if the jury should so find, was a proximate cause of the collision and the resulting damage. Since he did not enter his objection at the proper time, he is not in a good position to complain now.

It will serve no useful purpose to cover other contentions and cases cited for the reason that it would be repetitious. Many of the authorities cited are not applicable because of facts peculiar to those particular cases, which are not present here.

The case was well tried, the jury fairly and clearly answered the special questions which were asked, and the answers to the special questions were in conflict neither with each other nor with the general verdict. Therefore, there was no error.

The judgment of the trial court is affirmed.