No. 41,007

The Acme Foundry & Machine Co., a Corporation, *Appellee*, v. Paul G. Brennan, *Appellant*.

(331 P. 2d 282)

Opinion filed November 8, 1958.

*Otto J. Koerner*, of Wichita, argued the cause, and *Lee R. Meador* and *Thomas A. Bush*, of Wichita, were with him on the briefs for Appellant.

*Morris D. Hildreth*, of Coffeyville, argued the cause, and *Eugene G. Coombs*, *George D. McCarthy* and *George E. Peabody*, of Wichita, and *Richard L. Becker*, of Coffeyville, were with him on the briefs for Appellee.

The opinion of the court was delivered by

Fatzer, J.: This was an action to recover on an account for goods sold and delivered under contract for use in an oil and gas lease drilling operation in Oklahoma.

At the outset, we are confronted with appellee's motion to dismiss this appeal. The journal entry of judgment, which was approved by counsel for appellant, recites that, among other things, the action was tried to the district court on May 29, 1957, and taken under advisement until July 19, 1957, when judgment was rendered in favor of appellee. On July 26, 1957, more than three days after judgment was rendered, appellant filed a motion for a new trial,

which was overruled on September 11, 1957. On November 7, 1957, more than two months after judgment was rendered, but less than two months after the motion for a new trial was overruled, the appellant perfected this appeal, and assigned six specifications of error.

The appellee asserts that, both in its motion to dismiss the appeal and in its brief on the merits, all of the specifications of error assigned by appellant are trial errors and that since the motion for a new trial was not filed until July 26, 1957, more than three days after judgment was rendered on July 19, 1957, it was a nullity and nothing is presented for appellate review, and cites and relies upon *Myers v. Kansas Stone Products Co.,* 174 Kan. 111, 254 P. 2d 270, and cases cited therein; also its companion case, *Smith v. Kansas Stone Products Co.,* 174 Kan. 108, 254 P. 2d 272.

There is merit in the appellee's contention. Without setting out appellant's specifications of error in their entirety, suffice it to say we have carefully examined each of them and conclude they are all trial errors for which redress could be obtained only by filing a timely motion for a new trial pursuant to G. S. 1949, 60-3003. Consequently, the motion having been filed out of time, the appeal from the order overruling it presents nothing for appellate review. In *Myers v. Kansas Stone Products Co.,* 174 Kan. 111, 254 P. 2d 270, this court said:

"This court has long adhered to the rule that in the absence of a motion for a new trial mere trial errors are not open to appellate review. (See *Billups v. American Surety Co.,* 173 Kan. 646, 251 P. 2d 237; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553; *Rasmussen v. Tretbar,* 170 Kan. 184, 224 P. 2d 1010; *Erskine v. Dykes,* 158 Kan. 788, 150 P. 2d 322, and numerous other authorities cited in West's Kansas Digest, Appeal & Error, § 281; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 366). It is also committed to the rule that a motion for a new trial, such as is here involved, filed out of time is a nullity and of no avail to the defeated party. For decisions squarely in point see *Bennett Grain Co. v. Davis, Director-general,* 114 Kan 800, 220 Pac. 1031; *Oliver Farm Equipment Co. v. Foster,* 134 Kan. 654, 8 P. 2d 364; *Balandran v. Compton,* 141 Kan. 321, 41 P. 2d 720; *City of Leavenworth v. Pennington,* 146 Kan. 459, 72 P. 2d 78; *Gates v. Gates,* 160 Kan. 428, 437, 163 P. 2d 395. Other decisions dealing generally with the subject and to the same effect may be found in West's Kansas Digest, New Trial, § 119, and Hatcher's Kansas Digest [Rev. Ed.], New Trial, § 47.

"Based on the foregoing authorities we have little difficulty in concluding that appellant's failure to file its motion for a new trial within the time prescribed by statute (60-3003, *supra*) warranted the trial court in overruling the motion for a new trial and that the question it now seeks to have determined

in this court is not open to appellate review. It necessarily follows the order overruling the motion for new trial must be affirmed." (l. c. 113, 114.)

On the hearing of the motion for a new trial no evidence was presented which indicated, or tended to indicate, unavoidable casualty or misfortune preventing appellant from filing the motion for new trial in time. In view of the foregoing, it follows that appellee's motion to dismiss this appeal must be sustained.

It is so ordered.